JONES, Justice.
This suit is an action on a note. Appel-lee, the surety on the note, was called upon to pay the note due to a default by the remaining principals, W. A. Daniel, individually, and W. A. Daniel Construction, Co., Inc. Appellee secured a consent judgment against the corporate Defendant in the amount of $31,012.93 plus interest and attorneys’ fees. Appellee also secured a summary judgment against Daniel individually for a like amount. The judgment against the individual Defendant is the subject of this appeal. We affirm the decision of the Court below.
A series of four notes, three of which had attendant security agreements, is involved here. W. A. Daniel executed the first, second, and fourth notes in his individual capacity. On its face, each note, after the first one, indicates that it is a renewal of the preceding note in the series involved herein. Daniel clearly signed three of the four notes in his individual capacity, including the final one which was ultimately called in for payment.
Defendant contends that material alteration of the terms of the notes took place without his consent. The presence of his signature as an individual negates such a contention because all terms of the notes and security agreements were present on the face of each document he signed. No evidence of fraudulent alteration was offered.
The legal issues need not be belabored here. After having paid the indebtedness, and the note thus having been assigned to Plaintiff, Plaintiff obviously has a right of action on the note against Defendant, the principal on the note. §§ 7-3—401, 7-3-402, 7-3-407, 7-3-414, 7-3-415(1) and (5), Code of Alabama 1975.
Finally, Appellant Daniel raises for the first time on appeal the issue of Plaintiff’s capacity to sue, contending that Jacob Richter individually paid the debt, that O. F. Richter & Sons, Inc., offered no proof showing that it paid the note in question or in any manner became the owner or holder thereof; and, therefore, the corporation is without standing or capacity to sue. We cannot agree with this position. Defendant failed to reply to Plaintiff’s request for admission which included a statement that O. F. Richter & Sons, Inc., paid the indebtedness. Under Alabama Rules of Civil Procedure 36(a), Defendant’s failure to answer or to object to this request within thirty days constitutes an admission. Therefore, no factual issue on this point was before the trial Court. For a discussion of the standing/capacity dichotomy, see Alabama Power Company v. White, 377 So.2d 930, 931 (Ala.1979).
Our review of the record discloses no genuine issue of material fact; therefore, the judgment below is due to be affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, SHORES and BEATTY, JJ., concur.