HOUSTON, Justice.
Bobby Ray Akins suffered a heart attack while employed as a coal miner with The Drummond Company, Inc., and while working in the line and scope of his employment with co-employees James Brown, Hollis Cooper, and Carlos Cooper. The heart attack, however, was not job-related. For the purposes of this appeal, we assume that he was provided no medical treatment at the mine and was not transported to a hospital or doctor’s office. Subsequently, he died. His wife, Gwendolyn Akins, individually and as administratrix of his estate, sued Drummond and the three co-employees (hereinafter sometimes collectively referred to as “the defendants”), alleging that they violated the Alabama Coal Mine Safety Law of 1975, Ala. Code 1975, § 25-9-60, by failing to provide her husband with proper medical care and prompt first aid and by failing to notify a doctor after he had suffered the heart attack while working in a mine.
The defendants moved for a summary judgment, maintaining that the plaintiffs claim under the Coal Mine Safety Law was *592 barred by the exclusivity provision of the Alabama Workers’ Compensation Act. The trial court entered a summary judgment for the defendants. The plaintiff appeals. We affirm.
According to the plaintiff, “her deceased husband’s heart attack was a non-eompensa-ble event”; she made no claim under the Workers’ Compensation Act. She maintains that Drummond had no obligation to pay any workers’ compensation benefits and that the Workers’ Compensation Act is not applicable in this matter. The defendants also take the position that the heart attack was noncom-pensable under the Workers’ Compensation Act; they maintain, however, that any cause of action that the plaintiff had was governed by the Workers’ Compensation Act.
The plaintiff seeks damages for the death of her husband. The exclusivity provision of the Workers’ Compensation Act is applicable in this case because of the employer/employee relationship between the plaintiffs husband and Drummond; see 2A Larson, Workmen’s Compensation Law, § 65.30 (1991). That exclusivity provision reads, in part, as follows:
“The rights and remedies granted in this chapter to an employee shall exclude all other rights and remedies of the employee, [or] his or her personal representative, ... at common law, by statute, or otherwise on account of ... death.”
Ala.Code 1975, § 25-5-58.
There was no right to recover for death at common law. See Tatum v. Sobering Corp., 523 So.2d 1042 (Ala.1988); Breed v. Atlanta, B. & C.R.R., 241 Ala. 640, 4 So.2d 315 (1941). Therefore, there is no Art. I, § 13, Alabama Constitution of 1901, “right to a remedy” problem if the legislature did not provide a remedy for death. Other than the statute dealing with a parent’s right to recover for the death of a minor, Ala.Code 1975, § 6-5-391, which is not applicable in this case, only two statutes provide causes of action for death: § 6-5-410 and § 25-5-60.
Because it is undisputed that the plaintiffs husband was in an employer/employee relationship with Drummond at the time of his death, the plaintiff has no right to proceed under § 6-5-410. See, § 25-5-53 (“[t]he rights and remedies granted ... to an employee shall exclude all other rights and remedies of ... his ... personal representative ... by statute ... on account of ... death”). Furthermore, the plaintiff is not seeking to recover compensation for death under § 25-5-60; therefore, it is not necessary for us to determine whether in fact the death of her husband would be compensable under § 25-5-60 even though the heart attack was not job-related. If the defendants failed to provide the plaintiffs husband with medical treatment and to transfer him to a hospital or a physician’s office and that failure was the proximate cause of his death, we cannot assume that, as a matter of law, his death was not compensable under § 25-5-60.
We note the plaintiffs reliance on Lowman v. Piedmont Executive Shirt Manufacturing Co., 547 So.2d 90 (Ala.1989), and Busby v. Truswal Systems Corp., 551 So.2d 322 (Ala.1989). However, those cases are easily distinguishable from this cas#. In each of those cases, the injury suffered by the plaintiff was not an “injury” as defined in § 25-5-1(9) and, therefore, was not excluded under § 25-5-53.
Under the facts of this ease, although the parties stipulated that the heart attack was a noncompensable “injury” under the Workers’ Compensation Act, this case involves a claim based on death, not a claim based on an “injury” as defined in that Act. Therefore, the definitions of “injury” provided in that Act are not applicable.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, STEAGALL, KENNEDY and INGRAM, JJ., concur.