The plaintiff, James L. Tucker, Sr., as the administrator of the estate of his son, James L. Tucker, deceased, appeals from the summary judgment entered in favor of the defendant Regina S. Molden in this wrongful death action. No one disputes that the son Tucker was a dependentless employee killed in an accident arising out of and in the course of his employment and that Molden was his co-employee. Likewise, no one disputes that their employer was covered by the Workers' Compensation Chapter of the Code of Alabama 1975. § 25-5-1 et seq., Ala. Code 1975.
The plaintiff sued the defendant for "negligently or wantonly, but not willfully," causing the plaintiff's son's death. The defendant moved for summary judgment on the ground that the exclusive remedy provisions of § 25-5-52 and § 25-5-53, Ala. Code 1975, immunize her from such claims. Specifically she argues that § 25-5-11(a) allows only an action based on willfulness and that
§ 25-5-52 and § 25-5-53 exclude all other damage action theories. Section 25-5-52 reads in pertinent part:
 "Except as provided in this chapter, no employee of any employer subject to this chapter, nor the personal representative . . . shall have a right to any other method, for, or amount of compensation or damages for an injury or death occasioned by an accident . . . proximately resulting from and while engaged in the actual performance of the duties of his or her employment."
(Emphasis added).
Section 25-5-53 reads in pertinent part:
 "The rights and remedies granted in this chapter to an employee shall exclude all other rights and remedies of the employee [or] his or her personal representative, . . . at common law, by statute, or otherwise on account of injury, loss of services, or death. . . . In addition, immunity from civil liability for all causes of action except those based upon willful conduct shall also extend to . . . an employee of the same employer. . . ."
(Emphasis added.)
The plaintiff invokes the last sentence of § 25-5-11(d), which reads:
 "If the injured employee has no dependent, the personal representative, in the event of death, may bring a civil action against the other party to recover damages without regard to this chapter."
(Emphasis added).
The plaintiff argues that the plain meaning of this sentence makes an exception to the general rule of co-employees' immunity and allows an action for damages "without regard to this chapter" against a co-employee on theories of negligence and wantonness causing death. The plaintiff argues that this exception is explained or required by the "paltriness" of the death and burial benefits granted by, respectively, §25-5-60(1)(g) and § 25-5-67, Ala. Code 1975, to dependentless employees killed on the job. Section 25-5-60(1)(g) provides a death benefit of $7,500.00. Section 25-5-67 grants "the expenses of burial, not exceeding in amount $3000.00."
Does the last sentence of § 25-5-11(d) mean and do what the plaintiff argues? Would an interpretation contrary to the plaintiff's leave the sentence without purpose or function? What does the sentence mean and do, and what does it not mean and do? We will examine its elements and answer these questions. Again, the sentence under scrutiny reads:
 "If the injured employee has no dependent, the personal representative, in the event of death, may bring a civil action against the other party to recover damages without regard to this chapter."
The clause "if the injured employee has no dependent" and the phrase "in the event of death" together specify a circumstance *Page 998 
that leaves neither an injured employee nor any dependents to be supported or compensated for disability and lost wages resulting from an on-the-job injury. Such support and compensation constitute one of the cardinal purposes of the Workers' Compensation Chapter. Ex parte McCall, 596 So.2d 4 (Ala. 1992);Yarchak v. Munford, Inc., 570 So.2d 648 (Ala. 1990), cert.denied, 500 U.S. 942, 111 S.Ct. 2237, 114 L.Ed.2d 478 (1991).
The designation "the personal representative" vests the personal representative with standing to sue. This provision is essential because the Workers' Compensation Chapter limits standing to sue to the injured employee himself or herself or his or her dependents for actions, whether for benefits under the Chapter or for tort damages, brought under all circumstances contemplated by the Chapter except that of a dependentless employee killed on the job. See, e.g., § 25-5-11 in general. More specifically, specifying standing to sue in the personal representative of a dependentless employee killed on the job is critical inasmuch as §25-5-11(a) vests standing to sue for the wrongful death of an employee who does leave dependents in the dependents themselves and thereby makes an exception to the general rule of the Wrongful Death Statute, § 6-5-410, Code of Ala. 1975, vesting standing to sue only in the personal representative. The last sentence of §25-5-11(d) confirms that, in the unique situation of a damage action for the wrongful death of a dependentless employee, standing to sue is vested in the personal representative in accordance with the general rule of the Wrongful Death Statute.Braxton v. Dixie Electric Coop., Inc., 409 So.2d 822 (Ala. 1982).
The clause "may bring a civil action . . . to recover damages" does not create a new or separate cause of action but, rather, simply allows a wrongful death action under § 6-5-410. Braxton, supra. This right is in addition to the rights to the death and burial benefits under § 25-5-60(1)(g) and § 25-5-67 respectively.
The phrase "against the other party" includes "third parties"[1]
and co-employees, but never the employer itself. § 25-5-11(a) and § 25-5-53. The parties before us do not disagree that the term "the other party" includes "third parties" for actions based on negligence, wantonness, or willfulness and co-employees for actions based on willfulness. The parties dispute only whether "the other party" includes co-employees for actions based on negligence or wantonness.
Finally, the phrase "without regard to this chapter" serves the function of specifying or confirming that the "civil action[s] . . . to recover damages" meant by the sentence are such tort actions as may be available by other statute or by common law as distinguished from the actions for benefits available by the Chapter itself. See Braxton, supra. The plaintiff, however, argues that the phrase "without regard to this chapter" further means that the personal representative is not limited to an action based on willful misconduct by the exclusive remedy and co-employee immunity provisions of § 25-5-11(a), § 25-5-52, and § 25-5-53 of the Chapter. In other words, the plaintiff argues that the phrase "without regard to this chapter" allows the personal representative to bring a wrongful-death action based on negligence or wantonness against a co-employee.
Standard rules of statutory construction invalidate the plaintiff's argument in this regard. All of the sections of the Chapter must be construed in pari materia. United States SteelMining Co. v. Riddle, 627 So.2d 455 (Ala.Civ.App. 1993); Harrisv. Louisville N.R.R., 237 Ala. 366, 186 So. 771 (1939); Coan v.State, 224 Ala. 584, 141 So.2d 263 (1932). Thus, the *Page 999 
last sentence of § 25-5-11(d) must be construed in pari materia
with the rest of § 25-5-11 as well as § 25-5-52
and § 25-5-53. The plaintiff's interpretation directly conflicts with both § 25-5-52 and § 25-5-53, which expressly direct their restrictions and prohibitions against the "personal representative," who is addressed in the Chapter solely for his standing to sue for the wrongful death of a dependentless employee, the precise case of the plaintiff Tucker and his deceased son. Both § 25-5-52 and § 25-5-53 restrict wrongful-death actions against co-employees to the theory of willful misconduct authorized by § 25-5-11(a); and § 25-5-53
immunizes co-employees "from civil liability for all [other] causes of action." Under standard rules of statutory construction, when an expression in a statutory scheme allows two interpretations, one consistent with the remainder of the statutory scheme and the other inconsistent with the remainder of the statutory scheme, the courts will adopt the consistent interpretation and will reject the inconsistent one. B.F. Goodrich Co. v. Butler, 56 Ala. App. 635,324 So.2d 776 (1975); State v. Community Blood Plasma Service,Inc., 48 Ala. App. 658, 267 So.2d 176 (1972). As already explained, the expression "without regard to this chapter" serves two important functions entirely consistent with the remainder of the Workers' Compensation Chapter. Therefore, we must reject the plaintiff's additional interpretation, which conflicts with § 25-5-52 and § 25-5-53.
Moreover, the next-ranking standard rule of statutory construction is that legislative intent determines which of conflicting provisions in a statutory scheme will prevail. Hawley Fuel Corp.v. Burgess Mining Constr. Corp., 291 Ala. 546, 283 So.2d 603
(1973); State v. Burchfield Bros., 211 Ala. 30, 99 So. 198 (1924). The plaintiff's interpretation of the last sentence of §25-5-11(d), as already noted, conflicts with § 25-5-52 and §25-5-53. Thus this Court must apply the intent expressed by the Legislature regarding the Workers' Compensation Chapter:
 "The legislature finds that actions filed on behalf of injured employees against officers, directors, agents, servants or employees of the same employer seeking to recover damages in excess of amounts received or receivable from the employer under the workers' compensation statutes of this state and predicated upon claimed negligent or wanton conduct resulting in injuries arising out of and in the course of employment are contrary to the intent of the legislature in adopting a comprehensive workers' compensation scheme and are producing a debilitating and adverse effect upon efforts to retain existing, and to attract new industry to this state. Specifically, the existence of such causes of action places this state at a serious disadvantage in comparison to the existing laws of other states with whom this state competes in seeking to attract and retain industrial operations which would provide better job opportunities and increased employment for people in this state. The existence of such causes of action, and the consequent litigation resulting therefrom, results in substantial costs and expenses to employers which, as a practical matter, must either procure additional liability insurance coverage for supervisory and management employees or fund the costs of defense, judgment or settlement from their own resources in order to retain competent and reliable personnel. The existence of such causes of action has a disruptive effect upon the relationship among employees and supervisory and management personnel. There is a total absence of any reliable evidence that the availability of such causes of action has resulted in any reduction of the number or severity of on-the-job accidents or of any substantial improvement on providing safe working conditions and work practices. The intent of the legislature is to provide complete immunity to employers and limited immunity to officers, *Page 1000 
directors, agents, servants or employees of the same employer and to the workers' compensation insurance carrier and compensation service companies of the employer or any officer, director, agent, servant or employee of such carrier or company and to labor unions and to any official or representative thereof, from civil liability for all causes of action except those based on willful conduct and such immunity is an essential aspect of the workers' compensation scheme. The legislature hereby expressly reaffirms its intent, as set forth in Section 25-5-53, as amended herein, and Sections 25-5-144 and 25-5-194, regarding the exclusivity of the rights and remedies of an injured employee, except as provided for herein."
§ 25-5-14, Ala. Code 1975 (emphasis added). This inescapable legislative intent requires us to reject any interpretation of the last sentence of § 25-5-11(d) that would allow a wrongful-death action against a co-employee for negligence or wantonness as distinguished from willfulness. See also Thermal Components, Inc.v. Golden, 716 So.2d 1166 (Ala. 1998); Barron v. CNA Ins. Co.,678 So.2d 735 (Ala. 1996); Braxton, supra.
The modesty of the death and burial benefits under the Workers' Compensation Chapter does not impair the validity of the co-employees' immunity or imply legislative intent to make an exception to the immunity. The amount of the death and burial benefits is a policy decision within the prerogatives of the Legislature. The adequacy of these benefits as a quid pro quo for the personal representative's loss of the right to bring a wrongful-death action against a co-employee for negligence or wantonness, and the constitutionality of the co-employee's immunity against such actions, have already been established in cases, like the plaintiff's, of the personal representatives' bringing actions for the wrongful deaths of dependentless employees against co-employees on theories of negligence or wantonness. Slagle v. Parker, 370 So.2d 947 (Ala. 1979), Yarchak,supra. Moreover, in this same context, this Court has recognized that the Legislature, in limiting the dependentless employees' death and burial benefits, intended simply to conform to the purpose of the workers' compensation scheme to provide the most compensation to those who most need it — living employees injured on the job and the dependents of employees killed on the job.Yarchak, supra; United States Steel Corp. v. Baker, 266 Ala. 538,97 So.2d 899 (1957).
Because § 25-5-52 and § 25-5-53 immunize co-employees against wrongful-death actions for negligent or wanton conduct, and because the last sentence of § 25-5-11(d) does not make any exception to this immunity in the case of an action brought by the personal representative of a dependentless employee killed on the job, the trial court correctly entered summary judgment in favor of the defendant co-employee Molden. Accordingly, the judgment is affirmed.
AFFIRMED.
Maddox, Cook, See, Lyons, and Brown, JJ., concur.
England, J., recuses himself.
[1] "Third parties" means persons and entities not affiliated with either employee or employer and not included in the protected classes specified by the Workers' Compensation Chapter.