HOUSTON, Justice.
Doyle Hammonds appeals from a summary judgment entered by the Morgan Circuit Court in favor of the Town of Prieeville. We reverse and remand.
Hammonds became Priceville’s chief of police in 1980. In May 2000, two former girlfriends brought harassment charges against Hammonds. On October 15, 2001, he pleaded guilty to two counts of “harassing communications.” On November 15, 2001, Priceville’s town council convened a hearing to discuss Hammonds’s situation. At the conclusion of that hearing, the council voted 4-2 to remove Hammonds as chief of police. The mayor’s vote was one of the four votes in favor of Hammonds’s removal. Hammonds was subsequently removed as chief of police.
Hammonds petitioned the trial court for a common-law writ of certiorari to review his removal. The trial court granted the petition and subsequently entered a summary judgment for the Town of Prieeville. Hammonds appeals.

Standard of Review

A municipal employee has no statutory right to appeal from a town council’s decision to terminate the worker’s employment. Because a terminated municipal employee has no such right, a petition for a common-law writ of certiorari is the proper method for having the trial court review the council’s decision. Evans v. City of Huntsville, 580 So.2d 1323, 1325 (Ala.1991). Our review of a summary judgment is de novo. DecisionQuest, Inc. v. Hayes, 863 So.2d 90, 94 (Ala.2003). Because the facts here are undisputed, our analysis is limited to determining whether the Town of Prieeville is entitled to a *69 judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.

Analysis

This case concerns the construction of two statutes. Ala.Code 1975, § 11-43-2 states, in pertinent part:
“In all cities and towns having a population of less than 12,000 inhabitants ..., the legislative functions shall be exercised by the mayor and five aider-men. The mayor shall preside over all deliberations of the council. At his discretion, he may vote as a member of the council on any question coming to a vote, except in ease of a tie, in which event he must vote.”
It is undisputed that Priceville has less than 12,000 inhabitants and that it thus falls within this statutory provision.
Ala.Code 1975, § 11-43-160 provides, in pertinent part: “The city council may remove, by a two-thirds vote of all those elected to the council, any [person appointed to office in the city].” Hammonds contends that the mayor’s voting on his removal violated the provision of § 11-43-160 that requires those voting on his removal to be “elected to the council.” He argues that the mayor presides over the council, votes with the council at times, but is not “elected to” that council.
When the language of a statute is clear and unambiguous, we must enforce the statute as written, thus giving effect to its plain meaning. Ex parte Pfizer, Inc., 746 So.2d 960, 964 (Ala.1999); DeKalb County LP Gas Co. v. Suburban Gas, Inc., 729 So.2d 270, 275 (Ala.1998). However, if the language of a statute is ambiguous or if one statute conflicts with another, we must apply principles of statutory construction to determine the meaning of the statute. One such principle provides that statutes dealing with the same subject matter are to be construed in pari mate-ria.[1] Tucker v. Molden, 761 So.2d 996, 998 (Ala.2000); Tuders v. Kell, 739 So.2d 1069, 1072 (Ala.1999); DeKalb County LP Gas, 729 So.2d at 276. Our constitution, statutes, and caselaw provide no guidance as to what are the “legislative functions” of a municipality and as to whether removal of a municipal officer is legislative or administrative in nature. Because the removal of a municipal officer could be a legislative function, and because § 11-43-2 entitles the mayor to exercise “legislative functions” along with the council, we see an apparent conflict between § 11-43-2 and § 11-43-160, which provides that a municipal officer may be removed only by a two-thirds vote of “those elected to the council.”
Section 11-43-2 states the broad principle that the mayor “may vote as a member of the council on any question coming to a vote.” We hold that § 11-43-160, when read in pari materia with § 11-43-2, provides an exception to this broad principle. The exception concerns not who may vote, but whose vote will actually count in removing a person appointed to office in the municipality. The statute allows removal “by a two-thirds vote of all those elected to the council” (emphasis added). Mayors are “elected to” the office of mayor, not “to the council.” Therefore, a mayor is fully entitled to vote to remove a municipal official, but the mayor’s vote does not count in determining if there was the requisite “two-thirds vote of all those elected to the council” to remove the official.
 Had the Legislature not intended to limit the vote on removal of a municipal *70 officer to “those elected to the council,” it would not have explicitly so stated. However, “it is not our place to engage in such a guessing game.” DeKalb County LP Gas, 729 So.2d at 277. Rather, it is our job to say what the law is, not what it should be. Ex parte Pfizer, Inc., 746 So.2d at 964; DeKalb County LP Gas, 729 So.2d at 276. “Words do have a limited range of meaning, and no interpretation that goes beyond that range is permissible.” Antonin Scalia, A Matter of Interpretation 24 (Amy Gutmann, ed., Princeton University Press 1997).
Because the mayor was not “elected to the council,” his vote was technically allowed on the question of removing Ham-monds as police chief; however, his vote was irrelevant. For that reason, the town council did not have the requisite two-thirds vote needed to remove Hammonds from the office of chief of police; therefore, Hammonds was not properly removed from that office, and the trial court erred in entering a summary judgment for the Town of Priceville. We hereby reverse the trial court’s judgment and remand the cause for proceedings consistent with this opinion.
REVERSED AND REMANDED.
SEE, LYONS, BROWN, and JOHNSTONE, JJ., concur.
HARWOOD, WOODALL, and STUART, JJ., dissent.

. This rule of construction is particularly well suited for statutes that were enacted simultaneously. Both of the statutes at issue here were first enacted by the Legislature in 1907.