THOMAS, Judge.
 

 Steve Sexton and Frances Sexton appeal from a summary judgment entered by the Autauga Circuit Court in favor of Bass Comfort Control, Inc. (“Bass Comfort”), and Waterfurnace International, Inc. (“Waterfurnace”). We affirm in part; reverse in part; and remand.
 

 Facts and Procedural History
 

 In February 2002, the Sextons began building a house. In February or March 2002, Steve discussed the purchase and installation of two Waterfurnace geothermal heating, ventilation, and air-conditioning units (“the HVAC units”) in the Sextons’ house with Rick Rahaim of Wa-terfurnace and George Bass of Bass Comfort. Steve alleged that Rahaim and Bass represented to him that the HVAC units had a 10-year warranty covering parts and labor for repair or replacement of the HVAC units. Steve alleged that Bass again represented to him that the HVAC units had a 10-year parts and labor warranty covering repair or replacement in May 2002, when Bass and Steve met at the Sextons’ house to further discuss the HVAC units. Bass submitted a proposal to the Sextons for the purchase and installation of the HVAC units; the proposal stated that the warranty on the HVAC units was for “10 years labor and parts.” The Sextons accepted the proposal, and Bass Comfort installed the HVAC units in the Sextons’ house.
 

 The Sextons had frequent problems with the HVAC units during the next six years. Each time the Sextons experienced a problem with the HVAC units, Bass Comfort would repair the HVAC units at no cost to the Sextons.
 

 In 2008, Steve contacted Waterfurnace concerning the numerous problems the Sextons had experienced with the HVAC units. In August 2008, Waterfurnace agreed to send two replacement HVAC units to the Sextons at no cost to the Sextons; however, Bass Comfort informed the Sextons that it would not install the replacement HVAC units unless the Sextons paid Bass Comfort $1,500. The Sextons refused to pay Bass Comfort to install the replacement HVAC units.
 

 On December 17, 2008, the Sextons filed a complaint in the trial court against Bass Comfort and Waterfurnace, alleging that Bass Comfort had misrepresented the content and coverage of the warranty on the HVAC units. In their complaint, the Sextons asserted claims of fraudulent misrepresentation, fraudulent suppression, negli
 
 *659
 
 gent and wanton misrepresentation, and conspiracy; the Sextons sought both compensatory and punitive damages. Bass Comfort and Waterfurnace answered the Sextons’ complaint, denying all the allegations in the Sextons’ complaint. The Sextons twice amended their complaint, adding a breach-of-contract claim and claims alleging that Bass Comfort and Waterfur-nace had fraudulently misrepresented and had fraudulently suppressed the fact that the HVAC units were improperly installed (“the installation claims”). Bass Comfort and Waterfurnace denied the allegations in the Sextons’ amended complaint.
 

 On January 6, 2010, Bass Comfort moved the trial court for a summary judgment on all the Sextons’ claims. In its motion for a summary judgment, Bass Comfort argued that the Sextons’ fraudulent-misrepresentation claim and their fraudulent-suppression claim were barred by the Statute of Frauds. Bass Comfort also argued that the Sextons’ negligent and/or wanton misrepresentation claims were barred by the statute of limitations. Additionally, Bass Comfort argued that there was no contract between Bass Comfort and the Sextons to support a breach-of-contract claim and that there was no evidence to support the Sextons’ installation claims. Finally, Bass Comfort argued that the Sextons’ conspiracy claim should be dismissed because, Bass Comfort alleged, it and Waterfurnace were in a principal-agent relationship and, Bass Comfort argued, an agent and a principal cannot conspire with each other. On January 5, 2010, Waterfurnace moved for a summary judgment on all the Sextons’ claims, arguing that the Sextons had not met their burden of proof as to any of their claims against Waterfurnace.
 

 The Sextons responded to Bass Comfort’s and Waterfurnace’s motions for a summary judgment on February 21, 2010. In their motion in opposition to the summary-judgment motions, the Sextons argued that they had shown that their claims asserting fraudulent misrepresentation and fraudulent suppression are viable. The Sextons also argued that the statute of limitations did not begin to run on their negligent and/or wanton misrepresentation claims until August 2008, when they allege that they first learned that the warranty on the HVAC units did not cover labor costs for the replacement of the HVAC units. Finally, the Sextons agreed that their conspiracy claim should be dismissed, based on Bass Comfort’s admission that it and Waterfurnace were in a principal-agent relationship. The Sextons did not make any argument in opposition to Bass Comfort’s and Waterfurnace’s motions for a summary judgment on the Sexton’s breach-of-contract or installation claims.
 

 After holding a hearing on February 24, 2010, the trial court, on March 5, 2010, entered a summary judgment in favor of Bass Comfort and Waterfurnace on all the Sextons’ claims. The trial court stated that it had considered the submissions of the parties and the arguments of counsel; however, the trial court also stated that the Sextons had “failed to file a response to the Defendants’ Motions for Summary Judgment in accordance with Rule 56(c), [Ala. R. Civ. P.].” The trial court did not make any specific findings of fact or conclusions of law concerning the merits of the motions for a summary judgment. The Sextons then filed a postjudgment motion, which the trial court denied. The Sextons subsequently appealed to the Alabama Supreme Court, and that court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
 

 Issues
 

 The Sextons raise three issues in their appeal: (1) whether the Sextons filed their response in opposition to Bass Comfort’s
 
 *660
 
 and Waterfurnaee’s summary-judgment motions in compliance with Rule 56(c); (2) whether the Sextons’ fraudulent-misrepresentation and fraudulent-suppression claims were barred by the Statute of Frauds and whether the Sextons presented substantial evidence in support of those claims; and (3) whether the statute of limitations had run on the Sextons’ negligent and/or wanton misrepresentation claims.
 

 Standard of Review
 

 “Our review of a summary judgment is de novo. ‘A motion for summary judgment is granted only when the evidence demonstrates that “there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Rule 56(c), Ala. R. Civ. P.’
 
 Reichert v. City of Mobile,
 
 776 So.2d 761, 764 (Ala.2000). We apply ‘the same standard as that of the trial court in determining whether the evidence before the court made out a genuine issue of material fact.’
 
 Bussey v. John Deere Co.,
 
 531 So.2d 860, 862 (Ala.1988);
 
 System Dynamics Int'l, Inc. v. Boykin,
 
 683 So.2d 419, 420 (Ala.1996). In order to defeat a properly supported motion for a summary judgment, the nonmoving party must present substantial evidence that creates a genuine issue of material fact. ‘Substantial evidence’ is ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’
 
 West v. Founders Life
 
 As
 
 surance Co. of Florida,
 
 547 So.2d 870, 871 (Ala.1989).”
 

 Borders v. City of Huntsville,
 
 875 So.2d 1168, 1176-77 (Ala.2003). Furthermore, when reviewing a summary judgment, the appellate court must view all the evidence in a light most favorable to the nonmovant and must entertain all reasonable inferences from the evidence that a jury would be entitled to draw.
 
 See Nationwide Prop. & Cas. Ins. Co. v. DPF Architects, P.C.,
 
 792 So.2d 369, 372 (Ala.2000); and
 
 Fuqua v. Ingersoll-Rand Co.,
 
 591 So.2d 486, 487 (Ala.1991).
 

 Analysis
 

 The Sextons first argue that the trial court erred when it determined that their response to Bass Comfort’s and Wa-terfurnace’s summary-judgment motions was untimely. Rule 56(c)(2) provides that “any statement or affidavit in opposition [to a motion for a summary judgment] shall be served at least two (2) days prior to the hearing [on the summary-judgment motion].” The Sextons filed their response in the trial court and served their response on Bass Comfort and Waterfur-nace on February 21, 2010, which was three days before the February 24, 2010, hearing. Therefore, to the extent that the trial court may have excluded the Sextons’ response to Bass Comfort’s and Waterfur-nace’s motions for a summary judgment, it erred.
 
 [1]
 

 The Sextons next argue that the trial court erred when it entered a summary judgment in favor of Bass Comfort and Waterfurnace on the Sextons’ fraudulent-misrepresentation claim and their fraudulent-suppression claim because, the Sextons argue, those claims were not barred by the Statute of Frauds and be
 
 *661
 
 cause, they say, they presented substantial evidence in support of those claims. In its motion for a summary judgment, Bass Comfort argued that the Sextons’ claims of fraudulent misrepresentation and fraudulent suppression were promissory-fraud claims. Bass Comfort further argued that the oral promise that the Sextons allege that Bass Comfort made to them — that the warranty on the HVAC units covered parts and labor for repair or replacement for 10 years — constituted an oral agreement to do something that could not be accomplished in 1 year. Therefore, Bass Comfort alleged, any such agreement was void under the Statute of Frauds.
 
 [2]
 
 Bass Comfort further argued that “an oral promise that is void by operation of the Statute of Frauds will not support an action against the promisor for promissory fraud.”
 
 Bruce v. Cole,
 
 854 So.2d 47, 58 (Ala.2003).
 

 At the summary-judgment hearing, in their postjudgment motion, and in their brief on appeal, the Sextons argue that their fraudulent-misrepresentation claim and their fraudulent-suppression claim were not claims of promissory fraud and that, consequently, the claims were not barred by the Statute of Frauds. “A promissory fraud claim is ‘one based upon a promise to act or not to act in the future.’ ”
 
 Allstate Ins. Co. v. Hilley,
 
 595 So.2d 873, 876 (Ala.1992) (quoting
 
 Padgett v. Hughes,
 
 535 So.2d 140, 142 (Ala.1988)).
 

 In
 
 Hilley,
 
 the Alabama Supreme Court considered the question whether an insurance agent’s misrepresentation of the content of an insurance policy constituted promissory fraud.
 
 Hilley,
 
 595 So.2d at 875-76. The insurance agent in
 
 Hilley
 
 represented to the Hilleys that, if their house was destroyed by fire, Allstate would either rebuild the house, replace the house, or pay the Hilleys $35,000.
 
 Id.
 
 at 875. Sometime after the Hilleys purchased the policy, their house was destroyed by fire; Allstate refused to act in accordance with the representations made by its agent.
 
 Id.
 
 The Hilleys sued Allstate, asserting, among others, a claim of fraudulent misrepresentation.
 
 Id.
 
 Our supreme court held that the Hilleys’ fraudulent-misrepresentation claim was not a promissory-fraud claim:
 

 “The Hilleys’ fraud claim arises from the Allstate agent’s representation that, in the event their house was destroyed by fire, Allstate would either rebuild the house, replace the house, or pay the Hilleys the $38,000 that Allstate assessed as the market value of their house.
 
 This statement is a representation of the insurance coverage that the Hilleys were purchasing. The statement was not a promise to act in the future. It was, rather, represented to the Hilleys as a present fact of Allstate’s obligations under the insurance policy.”
 

 Hilley,
 
 595 So.2d at 876 (emphasis added; footnote omitted).
 

 In this case, like in
 
 Hilley,
 
 the promise allegedly made by Bass Comfort was a representation of the present content of the warranty on the HVAC units. The alleged promise was, therefore, a representation of what the Sextons were purchasing, not a promise to perform a future act.
 
 Id.
 
 Because the alleged promise underlying the Sextons’ fraudulent-misrepre
 
 *662
 
 sentation and fraudulent-suppression claims was not based on a promise to act in the future, the Sextons’ fraud claims were not based on promissory fraud. Therefore, the Statute of Frauds did not act to bar those claims.
 

 The Sextons also argue that they presented substantial evidence in support of their fraudulent-misrepresentation and fraudulent-suppression claims. The elements of a fraudulent-misrepresentation claim are: “(1) a false representation (2) of a material existing fact (3) reasonably relied upon by the plaintiff (4) who suffered damage as a proximate consequence of the misrepresentation.”
 
 Padgett v. Hughes,
 
 535 So.2d at 142. “The elements of a claim of fraudulent suppression are: ‘ “(1) a duty on the part of the defendant to disclose facts; (2) concealment or nondisclosure of material facts by the defendant; (3) inducement of the plaintiff to act; (4) action by the plaintiff to his or her injury.” ’ ”
 
 DGB, LLC v. Hinds,
 
 55 So.3d 218, 231 (Ala.2010) (quoting
 
 Freightliner, L.L.C. v. Whatley Contract Carriers, L.L.C.,
 
 932 So.2d 883, 891 (Ala.2005), quoting in turn
 
 Lambert v. Mail Handlers Benefit Plan,
 
 682 So.2d 61, 63 (Ala.1996)).
 

 The Sextons argue that Bass Comfort misrepresented the fact that the HVAC units were covered by a 10-year warranty covering labor and parts for repair and replacement and that it suppressed the true facts concerning the coverage of the Waterfurnaee warranty. The Sextons further state that the misrepresentation of the warranty coverage and the suppression of the true warranty coverage induced them, to their detriment, to purchase the HVAC units. Bass Comfort argues on appeal that the Sextons could not have reasonably relied on the representations of Bass Comfort because, it argues, the written Waterfurnaee warranty does not contain any mention of coverage for replacement-labor costs and the Sextons could have discovered the alleged misrepresentation if they had read the Waterfurnace warranty.
 
 See Cook’s Pest Control, Inc. v. Rebar,
 
 28 So.3d 716, 727 (Ala.2009) (quoting
 
 Massey Auto., Inc. v. Norris,
 
 895 So.2d 215, 220 (Ala.2004), quoting in turn
 
 Foremost Ins. Co. v. Parham,
 
 693 So.2d 409, 421 (Ala.1997))(“ ‘[Rjeliance can be declared unreasonable, as a matter of law, “where the undisputed evidence indicates that the party or parties claiming fraud in a particular transaction were fully capable of reading and understanding their documents, but nonetheless made a deliberate decision to ignore written contract terms” that clearly contradicted the alleged misrepresentations.’ ”).
 

 However, the record before the trial court at the time the summary judgment was entered does not contain any evidence showing when the Sextons received a copy of the Waterfurnaee warranty. Therefore, we cannot determine whether the Sextons could have reviewed the warranty and discovered the allegedly misrepresented and suppressed information before they purchased the HVAC units. Accordingly, we cannot affirm the trial court’s summary judgment on that basis.
 

 Because the Sextons’ fraudulent-misrepresentation and fraudulent-suppression claims are not based on promissory fraud and because there is no evidence indicating that the Sextons were not entitled to reasonably rely on Bass Comfort’s alleged misrepresentations, the trial court erred insofar as it entered a summary judgment in favor of Bass Comfort and Waterfur-nace on the Sextons’ fraudulent-misrepresentation and fraudulent-suppression claims.
 

 The Sextons next argue that the trial court erred when it entered a summary judgment on their claims of negligent and/or wanton misrepresentation because,
 
 *663
 
 they say, the statute of limitations had not run on those claims.
 

 “The elements of a misrepresentation claim are (a) a false representation of an existing material fact; (b) a representation (1) that the speaker knew was false when made, (2) that was made recklessly and without regard to its truth or falsity, or (3) that was made by telling the listener that the speaker had knowledge that the representation was true while having no such knowledge; (c) reliance by the listener on the representation, coupled with deception by it; (d) the reasonableness of that reliance under the circumstances; and (e) damage to the listener proximately resulting from his or her reasonable reliance.
 
 Cato v. Lowder Realty Co.,
 
 630 So.2d 378, 381-82 (Ala.1993);
 
 Foremost Ins. Co. v. Parham,
 
 693 So.2d 409 (Ala.1997) (readopting the ‘reasonable reliance’ standard). Reasonable reliance is shown ‘[i]f the circumstances are such that a reasonably prudent person who exercised ordinary care would [not] have discovered the true facts.’
 
 Torres v. State Farm Fire & Cas. Co.,
 
 438 So.2d 757, 759 (Ala.1983).”
 

 City of Prattville v. Post,
 
 831 So.2d 622, 628 (Ala.Civ.App.2002).
 

 In its motion for a summary judgment, Bass Comfort argued that the Sextons’ negligent and/or wanton misrepresentation claims were barred by the statute of limitations. Bass Comfort argued that the injury to the Sextons accrued, and the statute of limitations began to run, when Bass Comfort made the alleged misrepresentations to the Sextons.
 

 In
 
 Alfa Life Insurance Corp. v. Jackson,
 
 906 So.2d 143 (Ala.2005), the Alabama Supreme Court considered the question whether claims of fraudulent misrepresentation and negligence in connection with the purchase of an insurance policy had become ripe. The insurance agent in
 
 Jackson
 
 represented to the Jacksons that the insurance policies that they were purchasing would be “paid up” in 15 years— meaning that, although the insurance coverage would continue, the Jacksons would no longer have to pay any premiums on the policies.
 
 Jackson,
 
 906 So.2d at 147. Contrary to the agent’s representation, the actual insurance policies did not provide that the policies would be paid up in 15 years.
 
 Id.
 
 Our supreme court held that because the oral misrepresentation made by the agent was of a fact that was contradicted by insurance policies themselves, the claims ripened at the time of the purchase and receipt of the policies.
 
 Id.
 
 at 151. Our supreme court reasoned:
 

 “[T]he truth or falsity of [the agent’s] representation depends only on whether the policies themselves provide that they will be paid up by the plaintiffs’ payment of the premiums for 15 years. Because the policies do not so provide, the policies, immediately upon issuance, belied [the agent’s] representation. Like the plaintiffs in
 
 Boswell [v. Liberty National Life Insurance Co.,
 
 643 So.2d 580 (Ala.1994) ], and
 
 Donoghue
 
 [v.
 
 American National Insurance Co.,
 
 838 So.2d 1032 (Ala.2002) ], the plaintiffs in the present case ‘were persuaded, through the fraudulent acts of the defendants, to pay for something they did not receive,’ i.e., policies that will be paid up in 15 years.
 
 Boswell,
 
 643 So.2d at 582. Thus, their claims were ripe as soon as they paid their first premiums.
 
 Id.”
 

 Id.
 

 In this case, the alleged misrepresentation made by Bass Comfort apparently conflicts with the terms of the Waterfur-
 
 *664
 
 nace written warranty.
 
 [3]
 
 Therefore, the Sextons would have been made aware of the alleged misrepresentation at the time that they received the Waterfurnace written warranty. However, there is no evidence in the record showing when the Sextons received a copy of the Waterfur-nace written warranty. Because we cannot determine when the Sextons should have become aware that the alleged statement regarding the warranty made by Bass Comfort conflicted with the written warranty, we cannot determine when the Sextons’ claim ripened and, thus, when the statute of limitations began to ran. Accordingly, absent that evidence, the trial court could not have determined that the Sextons’ negligent and/or wanton misrepresentation claims were barred by the statute of limitations, and we must reverse the summary judgment insofar as it relates to those claims.
 
 [4]
 

 The trial court also entered a summary judgment in favor of Bass Comfort and Waterfurnace on the Sextons’ breach-of-contract, installation, and conspiracy claims. The Sextons have not presented any argument on appeal concerning those claims. “ ‘An argument not made on appeal is abandoned or waived.’ ”
 
 Muhammad v. Ford,
 
 986 So.2d 1158, 1165 (Ala.2007)(quoting
 
 Avis Rent A Car Sys., Inc. v. Heilman,
 
 876 So.2d 1111, 1124 n. 8 (Ala.2003)). Therefore, the issue of the correctness of the trial court’s summary judgment as to those claims is not before us, and the summary judgment as to those claims is necessarily affirmed.
 

 Bass Comfort also argues that the Sextons lacked standing to bring the instant case. Bass Comfort did not raise the issue of standing in its motion for a summary judgment; however, issues of standing cannot be waived and, therefore, may be raised at any time in a proceeding.
 
 See State v. Property at 2018 Rainbow Drive,
 
 740 So.2d 1025, 1028 (Ala.1999).
 

 Bass Comfort first argues that Frances does not have standing because any alleged misrepresentations were made only to Steve. The Sextons were married to each other at the time they purchased the HVAC units for what was then the marital home. Steve was acting on behalf of Frances when he was dealing with Bass Comfort. The Sextons decided to purchase the HVAC units based on the representations Bass Comfort made to Steve, and it is clear that Frances contributed money for the purchase of the HVAC units. Because Frances paid for the HVAC units, she can show that she suffered a direct injury; therefore, she had standing to bring the instant case.
 
 See Doss v. Serra Chevrolet,
 
 781 So.2d 973, 977 (Ala.Civ.App.2000) (holding that a mother who contributed money for the down payment on the purchase of her adult daughter’s automobile had been injured by the defendant’s alleged misrepresentation to the daughter and, thus, had standing to bring a fraudulent-misrepresentation claim).
 

 Bass Comfort also argues that Steve did not have standing because, Bass Comfort argues, Steve did not contribute any money for the purchase of the HVAC units. Therefore, Bass Comfort argues, Steve did not suffer any legal injury. Al
 
 *665
 
 though the evidence in the record does support Bass Comfort’s contention that Steve did not directly pay for the HVAC units, we cannot say, from the evidence in the record, that Steve did not suffer any legal injury as a result of the purchase of the HVAC units for the marital home and the resulting issues with the operation of those units. Thus, we hold that Steve also had standing to bring the instant action.
 

 Conclusion
 

 For the aforementioned reasons, we affirm the summary judgment as to the Sextons’ breach-of-contract, installation, and conspiracy claims, and we reverse the summary judgment as to the Sextons’ fraudulent-misrepresentation, fraudulent-suppression, and negligent and/or wanton misrepresentation claims. The cause is remanded to the trial court for further proceedings.
 

 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
 

 THOMPSON, P.J., and PITTMAN and MOORE, JJ., concur.
 

 BRYAN, J., concurs in the result, without writing.
 

 [1]
 

 . It is unclear from the trial court’s judgment whether it excluded the Sextons' response to the motions for a summary judgment. In its judgment, the trial court stated that it considered “the submissions of the parties”; however, it also stated that the Sextons had "failed to file a response to the Defendants’ Motions for Summary Judgment in accordance with Rule 56(c).”
 

 [2]
 

 . Section 8-9-2, Ala.Code 1975, provides, in pertinent part:
 

 “In the following cases, every agreement is void unless such agreement or some note or memorandum thereof expressing the consideration is in writing and subscribed by the party to be charged therewith or some other person by him thereunto lawfully authorized in writing:
 

 “(1) Every agreement which, by its terms, is not to be performed within one year from the making thereof.”
 

 [3]
 

 . The record on appeal does not contain a copy of the Waterfurnace written warranty. However, all parties state that the written warranty does not contain the word replacement.
 

 [4]
 

 . We note that the receipt of the written warranty would start the running of the statute of limitations on the Sextons' fraudulent-misrepresentation and fraudulent-suppression claims as well.
 
 See Alfa Life Ins. Corp.,
 
 906 So.2d at 151.