MOORE, Chief Justice.
Tyson Foods, Inc., Ricky Walker, and Mike Graffino (hereinafter referred to collectively as “the Tyson petitioners”) petition this Court for a writ of mandamus directing the Blount Circuit Court to dismiss Reba Kirkley’s action against them, brought in her capacity as administratrix, i.e., personal representative, of her father’s estate, on the ground that Kirkley lacks standing. Because the Tyson petitioners have not demonstrated a clear legal right to the remedy they seek, we deny the petition.
7. Factual and Procedural History
On April 15, 2008, Allen Hayes died in a workplace accident at the Tyson Foods plant in Blount County. Hayes, who was working as a security guard, was hit by a tractor being operated by an employee of Tyson Foods. His widow Mildred Hayes collected $40,964.19 in workers’ compensation death benefits against the account of DSI Security Services, Allen’s employer at the time of the accident. On June 26, 2008, Kirkley, the personal representative of Allen’s estate and Allen and Mildred’s daughter, filed a wrongful-death action against the Tyson petitioners, who answered and removed the case to federal court. In early March 2011, the federal court remanded the case to state court. Six months later, the Tyson petitioners filed amended answers and a motion to dismiss on the basis that Kirkley lacked standing to bring the wrongful-death action. The trial judge, on Kirkley’s motion, struck the amended answers and denied the motion to dismiss. The Tyson petitioners then sought a writ of mandamus from this Court.
Neither a wrongful-death action nor an action for workers’ compensation death benefits existed at common law. Both are purely statutory causes of action.[1] The statute providing for a wrong *1043 ful-death action, § 6-5-410(a), Ala.Code 1975, allows only a personal representative of the deceased’s estate to bring such an action. The workers’ compensation statute, by contrast, allows the deceased employee’s personal representative to bring a third-party action only when the covered employee dies without dependents. If dependents survive, the right to sue third parties alleging the wrongful death of the employee lies solely with them. § 25-5-11, Ala.Code 1975; Tucker v. Molden, 761 So.2d 996, 998 (Ala.2000); and Johnson v. Huxford Pole & Timber Co., 983 So.2d 1133, 1138-39 (Ala.Civ.App.2007). Under the workers’ compensation statute, Allen had only one dependent at the time of his death — his wife Mildred. Kirkley, being over the age of 19 and not incapacitated at the time of Allen’s death, did not qualify as a dependent. §§ 25-5-61 and -65, Ala. Code 1975. This “quirk,” as the Tyson petitioners describe it, meant that Kirkley did not qualify to prosecute the wrongful-death action.
In November 2011, the Tyson petitioners for the first time brought this fact to the attention of Kirkley and the trial court in their first amended answers and a companion motion to dismiss. Emphasizing that the wrongful-death statute had a specific two-year statute of limitations, § 6-5-410(d), Ala.Code 1975, the Tyson petitioners argued that the time in which Mildred could be substituted as the plaintiff in the wrongful-death action had expired. Thus, they contended, the trial court had no choice but to dismiss the action for lack of a proper plaintiff.
Kirkley responded that the Tyson petitioners’ request for a dismissal was barred by the doctrine of laches because they did not assert their rights until after the two-year statute of limitations for a wrongful-death action had expired. She also asked the trial court to add Mildred as a plaintiff under Rule 17(a), Ala. R. Civ. P., and to exercise its discretion under Rule 15(a), Ala. R. Civ. P., to strike the amended answers.
On March 7, 2012, the trial court struck the Tyson petitioners’ amended answers, denied their motion to dismiss, and granted Kirkley’s motion to add Mildred as a plaintiff. On April 18, 2012, the Tyson petitioners filed a petition for a writ of mandamus in this Court, seeking an order directing the trial court to dismiss the case. The Tyson petitioners argued that Kirkley lacked standing to prosecute the wrongful-death action and that the motion to add Mildred as a plaintiff came too late.

II. Standard of Review

This Court has previously allowed mandamus review to hear a challenge to standing. See, e.g., Ex parte HealthSouth Corp., 974 So.2d 288 (Ala.2007); Ex parte Chemical Waste Mgmt., Inc., 929 So.2d 1007, 1010 (Ala.2005). The threshold for granting the petition, however, is high:
“Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.”
Ex parte Integon, 672 So.2d 497, 499 (Ala. 1995).

III. Analysis

A. Clear Legal Right to Order Sought: Standing v. Capacity

The Tyson petitioners’ request for relief implicates a legal question this Court has referred to as “the standing/capacity dichotomy.” Daniel v. O.F. Richter *1044 & Sons, Inc., 385 So.2d 1308, 1309 (Ala.1980). If the issue of Kirkley’s right to file a wrongful-death action is one of capacity under Rule 17, Ala. R. Civ. P., as she argues, rather than a question of standing, as the Tyson petitioners insist, then Kirkley may well prevail. Lack of capacity is an affirmative defense that is waived if not raised[2] and is often curable.[3] Lack of standing, however, cannot be waived and can be raised at any time. Sexton v. Bass Comfort Control, Inc., 63 So.3d 656, 664 (Ala.Civ.App.2010).[4]
This Court has previously stated that “the Workers’ Compensation Chapter limits standing to sue to the injured employee himself or herself or his or her dependents .... ” Tucker v. Molden, 761 So.2d at 998 (emphasis added). That statement, however, was dictum, unnecessary to the issue decided in Tucker. No party disputed that the plaintiff in Tucker had standing; nor did Tucker discuss capacity. By contrast, in Alabama Power Co. v. White, 377 So.2d 930 (Ala.1979), this Court expressly held that surviving dependents of a deceased employee have the capacity to bring an action and that a defendant waives the challenge to capacity by not raising it.
“[W]e hold that § 25-5-ll(a)[, Ala.Code 1975,] by the phrase ‘the employee, or his dependents in case of his death, may proceed against the employer’ gives to the dependents CAPACITY to bring suit against the employer under certain circumstances. We hold that dependency is capacity under § 25-5-ll(a) which must be denied by the defendant by specific negative averment.... ”
377 So.2d at 936. As discussed below, other cases are consistent with this holding.
In Board of Water & Sewer Commissioners of the City of Mobile v. McDonald, 56 Ala.App. 426, 322 So.2d 717 (Civ.App. 1975), the plaintiff, facing a motion to dismiss for lack of standing, sought to amend the complaint to join his wife, the actual owner of the property at issue, as a plaintiff. Rule 17(a), Ala. R. Civ. P., states:
“No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.”
Rule 17 allows the substitution or joinder of plaintiffs in the same way that Rule 15, Ala. R. Civ. P., permits the substitution of *1045 defendants to relate back to the date of the filing of the original pleading. See Rule 17, Ala. R. Civ. P. (Committee Comments on 1978 Adoption). Noting the admonition in Rule 15 that “amendments are to be allowed ‘freely ... when justice so requires,’ ” McDonald, 56 Ala.App. at 429, 322 So.2d at 720, the Court of Civil Appeals held that “the amendment was properly allowed even if it worked to avoid the statute of limitations.” 56 Ala.App. at 430, 322 So.2d at 720. The court applied the conditions on the relation back of amendments to defendants under Rule 15(c) to the addition of a real party in interest as a plaintiff under Rule 17(a):
“An amendment changing parties plaintiff relates back if the claim of the new party arose out of the same transaction, conduct or occurrence as that set forth in the original pleading, and if the defendant, within the period provided by law for commencing the action against him (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the substituted or joined party would have brought the action against him.”
McDonald, 56 Ala.App. at 430, 322 So.2d at 721. The court then quoted “the sense of the rule” from a leading treatise:
“ ‘As long as defendant is fully apprised of the claim arising from specified conduct and has fully prepared to defend the action against him, his ability to protect himself will not be prejudicially affected if a new plaintiff is added, and he should not be permitted to invoke a limitations defense.’ ”
Id. (quoting 6 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1501). Finally, the court applied the relation-back rule to the facts before it, holding that there was “no change in the claim as originally filed,” that the defendant “knew or should have known that there was a mistake in the name of the proper party bringing the original claim” as was evident in the defendant’s own pleading, and that the defendant had suffered no prejudice. 56 Ala.App. at 431, 322 So.2d at 721.
Applying the same reasoning to this case, we conclude that the addition as a plaintiff of Mildred, Allen’s dependent and the real party in interest, created “no change in the claim as originally filed.” As is evident in the amended answers, the Tyson petitioners knew or should have known that a mistake was made “concerning the identity of the proper party.” Accordingly, the Tyson petitioners were not prejudiced in preparing their defense. Thus, notwithstanding the expiration of the wrongful-death statute of limitations, the addition of Mildred as a plaintiff properly related back to the original pleading.[5]
In Blue Star Ready Mix v. Cleveland, 473 So.2d 497, 499 (Ala.1985), this Court quoted the McDonald analysis approvingly at length. In Ex parte Singleton, 475 So.2d 186, 189-90 (Ala.1985), this Court again quoted substantial portions of McDonald, applying its principles to allow the *1046 substitution of a real-party appellant. In Holyfield, v. Moates, 565 So.2d 186 (Ala. 1990), a case with many similarities to this one, the circuit court dismissed a wrongful-death action because the personal representative of the deceased was, contrary to law, a nonresident of Alabama, and substitution was attempted after the limitations period had expired. This Court reversed the circuit court’s dismissal, noting that “our holding is mandated by Rule 17(a), [Ala.] R. Civ. P.” 565 So.2d at 189. As authority, this Court quoted a case decided by the United States Court of Appeals for the Eleventh Circuit interpreting and applying the corresponding federal rule:
“ ‘The plain language of [Rule 17, Fed. R.Civ.P.,] clearly provides that when an action is brought by someone other than the real party in interest within the limitations period and the real party in interest joins or ratifies the action after the limitations period has run, the amendment or ratification relates back to the time suit was originally filed and the action need not be dismissed as time barred.’ ”
565 So.2d at 189 (quoting Hess v. Eddy, 689 F.2d 977, 980 (11th Cir.1982)).
The application of the relation-back rule is the same here. Kirkley, although not the real party in interest, brought the action within the limitations period. The addition of Mildred as the real party in interest after the limitations period had run thus “ ‘relates back to the time suit was originally filed and the action need not be dismissed as time barred.’ ” See 1991 Advisory Committee Note to Rule 15, Fed. R.Civ.P. (noting that the goal of relation-back principles is “to prevent parties against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense”).
The trial court properly treated Kirk-ley’s status as a capacity issue and granted a curative motion filed pursuant to Rule 17, Ala. R. Civ. P., stating: “[Kirkley’s] Motion to Add Mildred Hayes as an Additional Real Party in Interest is GRANTED based upon Alabama Rule of Civil Procedure 17(A) and Miller v. Jackson Hospital & Clinic, 776 So.2d 122 (Ala. 2000).” (Capitalization in original.) In Miller, an attorney-in-fact, proceeding under a power of attorney, improperly filed an action in his own name rather than in the name of the real party in interest, i.e., the party who had suffered the injury. 776 So.2d at 125-26. The trial court rejected an amendment to substitute the real party in interest outside the limitations period. 776 So.2d at 123. This Court reversed. The plurality opinion in Miller quoted a case of the United States Court of Appeals for the Second Circuit:
“ ‘ “The substitution of such parties after the applicable statute of limitations may have run is not significant when the change is merely formal and in no way alters the known facts and issues on which the action is based. The courts have freely upheld the filing of an amended complaint under these circumstances.” ’ ”
776 So.2d at 127 (quoting Advanced Mag-netics, Inc. v. Bay front Partners, Inc., 106 F.3d 11, 19 (2d Cir.1997), quoting in turn Staren v. American Nat’l Bank & Trust Co., 529 F.2d 1257, 1263 (7th Cir.1976)).
The plurality opinion in Miller noted that the motion to dismiss ‘“for lack of standing’ ” in Advanced Magnetics was really a claim that the named plaintiff was not the real party in interest. 776 So.2d at 127. As such, “ ‘there plainly should be no dismissal where “substitution of the real party in interest is necessary to avoid injustice.” ’ ” Id. (quoting Advanced Mag-netics, 106 F.3d at 20). The plurality noted that the plaintiff in Miller had filed the complaint under the “mistaken belief’ that *1047 he could represent the real party in interest and that the error was not deliberate and did not mislead the defendant in understanding the claim. Id. Accordingly, substitution would be allowed under Rule 17, and the claim would relate back to the date of the original filing, even though the limitations period had run. Id.
The Miller opinion also stated that substitution was valid where a “jural relationship” existed between the party that commenced the action and the real party in interest. 776 So.2d at 126.[6] In this case, Kirkley, as the personal representative of Allen’s estate, had a “jural relationship” with Mildred, a dependent of Allen’s and a beneficiary who would be a recipient of any funds recovered in the wrongful-death action.
“Because mandamus is an extraordinary remedy, the standard by which this Court reviews a petition for the writ of mandamus is to determine whether the trial court has clearly [exceeded] its discretion.” Ex parte Flint Constr. Co., 775 So.2d 805, 808 (Ala.2000). Because the trial court’s granting the motion to add Mildred as a plaintiff under Rule 17 was proper, the trial court did not exceed its discretion in adding Mildred as the real party in interest.

B. Trial Court’s Discretion to Strike Amended Answers

The Tyson petitioners did not raise a standing/capacity defense until they filed their first amended answers on November 8, 2011, over three years after the case began. They asserted in those answers “that [Kirkley] does not have standing or capacity to bring this action.” Their original answers, filed July 30, 2008, did not raise the issue of standing or capacity. The trial court was within its discretion to strike the first amended answers on the grounds of undue delay and actual prejudice. As the court stated:
“6. Alabama Rule of Civil Procedure 15 allows the Court discretion to strike Amended Answers, either upon its own motion or by motion of another party, when the proposed amendment would result in actual prejudice to the opposing party or for reasons of undue delay. “7. The [Tyson petitioners] unduly delayed filing their First Amended Answers. The delay of years is inexcusable and would cause actual prejudice on the opposing party.”
The trial court’s reasoning echoes this Court’s standard for upholding the striking of an amendment to a pleading. “The trial court acts within its discretion so long as its disallowance of the amendment to the pleadings is based upon some valid ground, such as actual prejudice or undue delay.” Ex parte Thomas, 628 So.2d 483, 486 (Ala. 1993).
The Tyson petitioners’ motion to dismiss on a limitations ground is prima facie evidence of actual prejudice. The length of the delay in filing the amended answers is also indisputable. The trial court acted well within its discretion in deciding to strike the amended answers and to deny the motion to dismiss. See Thomas, 628 So.2d at 486 (finding that delay of seven to eight months justified court’s refusal to permit amendment to pleadings).

TV. Conclusion

The trial court properly added Mildred as a plaintiff under Rule 17(a), Ala. R. Civ. P., and acted within its discretion under Rule 15(a), Ala. R. Civ. P., in striking the Tyson petitioners’ late and prejudicial *1048 amendment of their answers. Because the Tyson petitioners do not have a clear legal right to dismissal of the case on the ground of standing, their petition for a writ of mandamus is denied.
PETITION DENIED.
STUART, PARKER, MAIN, and BRYAN, JJ., concur.
MURDOCK and WISE, JJ., concur specially.
BOLIN and SHAW, JJ., concur in the result.

. "There was no right to recover for death at common law.” Akins v. Drummond Co., 628 So.2d 591, 592 (Ala. 1993).

. "When a party desires to raise an issue as to the ... capacity of any party to sue ..., the party desiring to raise the issue shall do so by specific negative averment....” Rule 9(a), Ala. R. Civ. P.

. See Rule 17(a), Ala. R. Civ. P. (providing that substitution of the real party in interest "shall have the same effect as if the action had been commenced in the name of the real party in interest”).

. Justice Lyons, attempting to clarify the distinction between lack of capacity (curable) and lack of standing (incurable), noted that "[i]mprecision in labeling a party’s inability to proceed as a standing problem unnecessarily expands the universe of cases lacking in subject-matter jurisdiction.” Hamm v. Norfolk S. Ry„ 52 So.3d 484, 499 (Ala.2010) (Lyons, J., concurring specially). An Alabama law professor recently argued that standing, if casually invoked, may wrongly treat a curable capacity question as an incurable standing issue, thus "rendering the filing of ill-conceived but not irredeemable private law complaints not merely mistaken acts, reparable by amendment, but void acts, not reparable by amendment.” Jerome A. Hoffman, The Malignant Mystique of "Standing," 73 Ala. Law. 360, 362 (2012).

. The Tyson petitioners also argue that the wrongful-death statute contains its own limitations period and thus is a "statute of creation” not subject to tolling. See § 6-5-410(d), Ala.Code 1975; Cofer v. Ensor, 473 So.2d 984, 991 (Ala.1985). This fact, however, does not affect the capacity analysis. Rule 17(a) does not toll the statute of limitations. "[A]pplication of relation back does not extend the limitation period” but merely allows substitution of a party in a suit otherwise timely filed. Chumney v. U.S. Repeating Arms Co., 196 F.R.D. 419, 427 (M.D.Ala.2000). "[I]f the expiration of the statute of limitations does not bar the correction of an ‘inconsequential pleading error' from relating back, then neither does the expiration of a statute of creation’s limitation period.” Id.

. ”[0]ur relations to our fellow men are commonly called legal (or jural) relations.” Arthur Corbin, Jural Relations and Their Classification, 30 Yale L.J. 226, 227 (1921).