On Application for Rehearing
The opinion of October 8, 1999, is withdrawn, and the following is substituted therefor.
Marco A. Gonzalez and his wife Theresa appeal from a summary judgment entered in favor of Brookwood Health Services, Inc., in its action against them for medical expenses, and from the dismissal of their third-party complaint against Blue Cross and Blue Shield of Alabama ("BCBS") in that action; they also appeal from a summary judgment, in another lawsuit, in favor of BCBS on their claims alleging breach of contract and fraud.
The history of these cases is somewhat complicated. Marco and Theresa Gonzalez sued BCBS and Alfa Mutual Insurance Company after BCBS had denied claims relating to the birth of their son. In their complaint the Gonzalezes alleged bad-faith failure to pay an insurance claim, breach of contract, and fraud, against both defendants. Upon the motions of BCBS and Alfa Mutual, the trial court entered separate summary judgments in favor of BCBS (on the claim of bad faith) and in favor of Alfa Mutual (on all claims), and certified those summary judgments as final pursuant to Rule 54(b), Ala R. Civ. P. Following the denial of their Rule 59 motions, the Gonzalezes appealed the summary judgments and also appealed the trial court's order striking an affidavit of Dr. Robert Ryan that they had filed in support of their Rule 59 motion. The supreme court affirmed the summary judgments and affirmed the order of the trial court striking Dr. Ryan's affidavit. See Gonzalez v. Blue *Page 880 Cross Blue Shield of Alabama, 689 So.2d 812 (Ala. 1997) ("Gonzalez I").[1]
While the appeal in Gonzalez I was pending, the Gonzalezes moved to consolidate their remaining claims against BCBS with a pending collection action that Brookwood had filed against them for medical expenses owed by the Gonzalezes in connection with the delivery of their son. In Brookwood's collection action against them, the Gonzalezes had filed a third-party complaint against BCBS alleging breach of contract. Upon the Gonzalezes' motion, the trial court consolidated the actions. Following consolidation, BCBS moved for a summary judgment on the remaining claims of fraud and breach of contract. The trial court granted BCBS's motion for a summary judgment on March 2, 1999. Thereafter, on March 9, 1999, the trial court set aside the order consolidating the two cases.
On March 11, 1999, Brookwood moved for a summary judgment on its collection claim. On March 31, 1999, BCBS moved to strike and dismiss the third-party complaint. The trial court entered a summary judgment in favor of Brookwood and dismissed BCBS as a third-party defendant. The Gonzalezes appealed in both cases. The supreme court transferred those appeals to this court, pursuant to Ala. Code 1975, § 12-2-7(6).
It is well settled that in reviewing a ruling on a motion for summary judgment, an appellate court will take into account the same factors considered by the trial court in initially ruling on the motion. Hall v. Gaines, 613 So.2d 370, 371 (Ala. 1993);Wilma Corp. v. Fleming Foods of Alabama, Inc., 613 So.2d 359,361 (Ala. 1993). A summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Ala.R.Civ.P.
The burden of establishing that there is no genuine issue of material fact is on the movant. Burks v. Pickwick Hotel,607 So.2d 187, 189 (Ala. 1992); and Porter v. Fisher, 636 So.2d 682, 684
(Ala.Civ.App. 1994). Once the movant has made this showing, the nonmovant has the burden of presenting evidence creating a genuine issue of material fact. Danford v. Arnold, 582 So.2d 545, 546
(Ala. 1991); and Bass v. SouthTrust Bank of Baldwin County,538 So.2d 794, 797-98 (Ala. 1989).
The nonmovant must meet the burden of establishing the existence of a genuine issue of material fact by presenting substantial evidence. § 12-21-12, Ala. Code 1975; and Bass v.SouthTrust Bank of Baldwin County, supra. "Substantial evidence" is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders LifeAssur. Co. of Florida, 547 So.2d 870, 871 (Ala. 1989).
Our review is further subject to the caveat that this court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant.Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala. 1990); Harrell v. Reynolds Metals Co., 495 So.2d 1381, 1383 (Ala. 1986); and Wilson v. Brown, 496 So.2d 756, 758 (Ala. 1986).
The facts underlying the Gonzalezes' breach-of-contract claim against BCBS are briefly summarized as follows: The Gonzalezes applied for insurance coverage with BCBS through Alfa Services, Inc. The final page of the application they submitted to BCBS included an acknowledgment executed by them stating that they, the potential *Page 881 
insureds, understood that maternity-care benefits would be covered under the insurance policy but would be subject to a 365-day waiting period. Thereafter, BCBS approved the application and mailed the Gonzalezes a "Certificate of Alfa Group Health Benefits" with an effective date of March 1, 1993. That certificate contained a similar explanation of the 365-day waiting period for maternity benefits. Shortly thereafter, Theresa Gonzalez discovered she was pregnant.
In the course of Theresa Gonzalez's prenatal care, she visited Dr. Robert Ryan, who performed an ultrasound examination. After the claim for this service was submitted for payment, BCBS requested the results of the ultrasound examination, to determine the applicability of the waiting-period provision to Theresa Gonzalez's pregnancy. The ultrasound computer printout BCBS received designated the expected delivery date as February 26, 1994. The accompanying report from Dr. Ryan set forth a clinical expected delivery date of February 27, 1994. Theresa Gonzalez ultimately gave birth to her son on February 24, 1994. All of these events occurred before the date of the expiration of the waiting period, February 28, 1994.[2] The claims associated with the delivery, which included the hospital admission, the delivery itself, and the administration of an epidural anesthesia, were submitted to BCBS for payment. BCBS paid claims on March 14 and March 28, 1994, for the delivery and the epidural, respectively. But on March 31, 1994, BCBS rejected the $8,031.90 claim for Theresa Gonzalez's hospital stay from February 22 to February 26, 1994. On April 13, 1994, BCBS paid the claim for the ultrasound examination that Dr. Ryan had performed on September 8, 1993. However, BCBS later determined that the ultrasound claim, as well as the claims related to labor and delivery and the epidural, had all been paid in error, and it requested refunds of amounts it had initially paid for these services.
The Gonzalezes challenged BCBS regarding its denial of their claims. BCBS responded by letter, stating that it was not liable for the claims pertaining to Theresa Gonzalez's prenatal care and the delivery of their son because the 365-day waiting period specified in the contract had not been served. BCBS's denial of the Gonzalezes' claims gave rise to the Gonzalezes' action alleging breach of contract. The supreme court in Gonzalez I made the following findings:
 "The policy issued to the Gonzalezes specifically requires that coverage be in effect for 365 days before maternity benefits will be provided. As previously noted, the effective date of the policy in this case was March 1, 1993, so the waiting period for maternity benefits expired on February 28, 1994. Mrs. Gonzalez gave birth on February 24, 1994, before the expiration of the waiting period. However, the policy also specifies that maternity benefits would be provided `when the pregnancy terminates before [the] expected delivery date which, if carried to full term, would have occurred after the expiration of the 365-day waiting period.' Thus, because the actual birth of the Gonzalezes' baby came before the expiration of the waiting period, the maternity care services rendered to Mrs. Gonzalez would be covered under the policy only if the expected delivery date was after the expiration of the waiting period on February 28, 1994."
689 So.2d at 817.
BCBS, arguing for the affirmance of the trial court's judgment in the present case, insists that the dispositive issue of whether it breached its contractual duty to the Gonzalezes was decided adversely to the Gonzalezes in Gonzalez I. BCBS contends, therefore, that Gonzalez I establishes the law of the case. In support of its position, BCBS cites Blumberg v. Touche Ross Co.,514 So.2d 922 (Ala. *Page 882 
1987), and Gray v. Reynolds, 553 So.2d 79 (Ala. 1989). However, because the Gonzalezes presented additional facts on remand, in the form of Dr. Robert Ryan's resubmitted affidavit, we find the law-of-the-case theory advanced by BCBS inapplicable.See Blumberg, 514 So.2d at 924. The affidavit of Dr. Ryan had been stricken by the trial court when the Gonzalezes offered it for the first time in support of their Rule 59 motion seeking to vacate the trial court's summary judgment on their bad-faith claim. On remand, however, the Gonzalezes resubmitted Dr. Ryan's affidavit in support of their motion opposing BCBS's motion for summary judgment on their breach-of-contract claim. BCBS filed a motion to strike that affidavit, stating as grounds that the affidavit had previously been stricken from the record when filed in support of the bad-faith claim. The trial court never ruled on the motion to strike.
Dr. Ryan's affidavit stated that if a different method of computation, called "Ngele's Rule," was used to compute the expected date of delivery, then the clinical expected date of delivery would be March 2, 1994, a date beyond the 365-day waiting period. The Gonzalezes appear to make the argument that the portion of the policy requiring the 365-day waiting period for maternity-insurance coverage was ambiguous, and that the ambiguous provision should be construed in their favor, so as to afford them coverage for the delivery. They contend that, at the very least, Dr. Ryan's affidavit creates a genuine issue of material fact precluding a summary judgment and the dismissal of their third-party complaint. We find this argument compelling, and we conclude that the summary judgment on the Gonzalezes' claim alleging breach of contract is due to be reversed, as is the judgment of the trial court dismissing the Gonzalezes' third-party complaint against BCBS in Brookwood's collection action.
At the outset, it is important to recognize the sequence of the entry dates of the summary judgment in favor of BCBS and the dismissal of the third-party complaint against BCBS. The trial court entered the summary judgment in favor of BCBS on March 2, 1999. Thereafter, on March 31, 1999, after the trial court had vacated its order consolidating the two actions, BCBS moved to dismiss the Gonzalezes' third-party complaint against it. As grounds for its motion, BCBS contended that, because of the March 2, 1999, summary judgment in its favor, the Gonzalezes were precluded by the doctrine of res judicata from asserting their breach-of-contract claim against it. The trial court entered a judgment granting that motion on April 30, 1999. For this reason, the reversal of the summary judgment in favor of BCBS on the Gonzalezes' claim of breach of contract will necessarily require a reversal of the judgment striking their third-party complaint against BCBS.
The portion of the policy that the Gonzalezes claim is ambiguous reads as follows:
 "Each female Subscriber or wife of a male Subscriber covered by Family Coverage Including Maternity Benefits must serve a waiting period of 365 consecutive days before benefits for maternity care are available to her under this Contract. The 365-day waiting period begins on the date on which she is covered by Family Coverage Including Maternity Benefits. The entire 365-day waiting period must be served before she receives services or supplies or is admitted to the Hospital for Maternity Care except when the pregnancy terminates before her expected delivery date which, if carried to full term, would have occurred after the expiration of the 365-day waiting period."
The Gonzalezes contend that they presented evidence tending to prove that the expected date of delivery was later than February 28, 1994; therefore, they argue, BCBS owes coverage for the maternity services. The Gonzalezes rely upon the affidavit of Dr. Ryan in making this argument. Dr. Ryan stated in his affidavit, *Page 883 
that, by calculating the expected date of delivery in a different manner, using Ngele's Rule, the expected date of delivery would be March 2, 1994. The policy went into effect on March 1, 1993, and the waiting period expired on February 28, 1994. In its order, the trial court wrote:
 "The court finds that the Defendant did make a sufficient prima facie showing that there is no genuine issue of material fact and, therefore, the burden shifted to the Plaintiffs to show that there was a genuine issue of material fact by presenting substantial evidence. The court concludes that the Plaintiff[s] [have] failed to meet that burden. The court also concludes that the evidence before it is that the . . . pregnancy terminated as a result of a full-term delivery on February 24, 1994, and that the expected delivery date was either February 26, 1994, or February 27, 1994, which was prior to the expiration of the waiting period."
We agree with the trial court that BCBS made a prima facie showing that no genuine issue of material fact existed. However, we conclude that the Gonzalezes successfully rebutted that prima facie showing by introducing Dr. Ryan's affidavit, which stated that an alternative method of calculation existed that would yield an expected date of delivery of March 2, 1994. Unless the evidence submitted on a summary-judgment motion is wholly insufficient to support adverse inferences or is completely free from doubt, a summary judgment is improper and the matter must be submitted to a jury. Gossett v. Twin County Cable T.V., Inc.,594 So.2d 635, 640 (Ala. 1992).
The alternative method to which Dr. Ryan referred in his affidavit would yield an expected delivery date beyond the 365-day waiting period, making coverage applicable. Therefore, viewing the evidence in the light most favorable to the Gonzalezes, we conclude that a genuine issue of material fact exists as to the proper expected date of delivery for Theresa Gonzalez. The summary judgment entered in favor of BCBS on the Gonzalezes' breach-of-contract claim is reversed and the case is remanded for further proceedings.
The Gonzalezes present no argument in their brief on appeal to warrant a reversal of the trial court's summary judgment in favor of BCBS on their claim of fraud. It is well established that it is not the function of an appellate court to create, research, or argue an issue on behalf of the appellant. McLemore v.Fleming, 604 So.2d 353 (Ala. 1992). The trial court's judgment, as it pertained to the Gonzalezes' claim of fraud, provided:
 "The plaintiff claims that the fraud occurred at the time that he executed his application at the Alfa Service Center in Pelham, Alabama, when he claims he was told that [he and his wife] would have full coverage immediately by an agent or employee at the Alfa Service Center. The plaintiff claims that he suffered fraud because maternity benefits were not available immediately, but, were subject to the three hundred and sixty-five (365) day waiting period. The court finds that the plaintiff has presented no substantial evidence that the person making the alleged fraudulent statement was an employee or agent of the defendant Blue Cross/Blue Shield. In fact, the plaintiff alleged that the person was an agent or an employee of Alfa Mutual."
Because the record contains no evidence tending to prove that the person who the Gonzalezes alleged misrepresented to them the coverage under the policy was an employee or an agent of BCBS, the summary judgment in favor of BCBS on the fraud claim is affirmed.
The judgment striking the Gonzalezes' third-party complaint against BCBS must be reversed and that claim remanded for further proceedings. That judgment is reversed because the only basis BCBS advanced in support of its motion to strike *Page 884 
that complaint was that the claim was precluded by the doctrine of res judicata as a result of the summary judgment in its favor on the Gonzalezes' breach-of-contract claim.
OPINION OF OCTOBER 8, 1999, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION OVERRULED; RULE 39(k) MOTION DENIED; 2981120 — AFFIRMED IN PART, REVERSED IN PART, AND REMANDED; 2981121 — REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.
[1] The supreme court held that the summary judgment in favor of Alfa Mutual was proper as to all claims because the Gonzalezes had erroneously named Alfa Mutual Insurance Company as a defendant when their insurance coverage was actually through Alfa Services, Inc., a separate and distinct corporation.
[2] February 28, 1994, is 365 days after the March 1, 1993, effective date of the policy.
 *Page 538