THOMAS, Judge.
Ronny R. Bonds (“the husband”) filed this petition for the writ of mandamus' to seek review of an order of the St. Clair Circuit 'Court (“the trial court”) denying the motion for a partial summary judgment that he had filed in a divorce action instituted in the trial court by Sherry L. Bonds (“the wife”). Although we ordered her to do so, the wife did not file an answer'to the husband’s petition.[1]' The petition and its attachments establish the Mowing facts and procedural history.
In January 2012, the wife filed in the trial court a complaint seeking a divorce from the husband.- She sought, among other things, an award of alimony and a division- of the parties’ marital property, including the parties’ marital residence in Odenville and real property located in Georgia. She further requested that the husband be ordered to pay certain marital debts and her attorney fees.
In October 2012, the wife, who was then living in Georgia, filed in the- United States Bankruptcy Court for the Northern District of Georgia (“the bankruptcy court”) a petition for bankruptcy protection under Chapter 7 of the United' States Bankruptcy Code, 11 U.S.C. § 701 et seq. The wife failed to list the marital - residence or her claims for alimony and property division as potential assets or as pending claims in the schedules attached to her bankruptcy petition. At a creditor’s meeting in the bankruptcy court, the wife testified that she had deeded the marital residence to the husband in conjunction with a 2009 divorce action.[2] She also stated that she was not owed any money and that she was not entitled to money from any source. In January 2013, the bankruptcy court discharged the wife from bankruptcy and her case was closed.
On January 31, 2013, the husband amended his answer in the divorce action to assert judicial estoppel, a lack of “standing,” and the failure to join the bankruptcy trustee as the real party in interest as affirmative defenses.[3] He then filed a mo *869 tion for a partial summary judgment on the wife’s claims for alimony and for the division of marital property and debts based on those affirmative defenses. The wife responded to the husband’s motion in April 2013 by notifying the court that the bankruptcy case had been reopened in March 2013 on her motion. The bankruptcy trustee was reappointed, and the wife amended her bankruptcy schedules to-include the marital residence as an asset and her claim for alimony as a potential claim.
The trial court held a hearing on the husband’s, partial-summary-judgment motion in October 2015. The wife submitted certain evidence in opposition to that motion in February 2016. On June 8, 2016, the trial court entered an order denying the husband’s partial-summary-judgment motion. The husband filed this petition for the writ of mandamus on July 18, 2016, seeking this court’s review of the denial of his motion for a partial summary judgment. We deny the petition.
“Generally, the denial of a motion for a summary judgment is not reviewable by a petition for a writ of mandamus.” Ex parte Griffin, 4 So.3d 430, 435 (Ala.2008). This is so “because ah ‘adequate remedy’ exists by way of an appeal....” Ex parte Liberty Nat’l Life Ins. Co., 825 So.2d 758, 761 (Ala.2002); see also Ex parte Jackson, 780 So.2d 681, 684 (Ala.2000) (“In all but the most extraordinary eases, an appeal is an adequate remedy.”). However, the rule that the denial of a motion for a summary judgment may not be reviewed on petition for the writ of mandamus is not without its exceptions, as,our supreme court has explained:
“This general rule is not without exceptions. See, e.g., Ex parte Alloy Wheels, 882 So.2d [819,] 822 [(Ala.2003)] (‘One of the exceptions is the denial of a motion grounded on' a claim of lack of personal jurisdiction....’); Ex parte Rizk, 791 So.2d 911, 912 (Ala.2000) (‘While the general rule is that the denial of a motion for summary judgment is not reviewable, the exception is that the denial of a motion for summary judgment grounded on a claim of immunity is reviewable by petition for writ of mandamus.’); and Ex parte Snow, 764 So.2d 531, 537 (Ala.1999) (noting that ... the denial of a summary-judgment motion is reviewable by a petition for a writ of mandamus when the undisputed evidence shows that the plaintiff failed to act with due diligence in identifying fictitiously named defendants). See also [Ex parte] Integon Corp., 672 So.2d [497,] 499 [ (Ala.1995) ] (holding that a petition for a writ of mandamus is the proper method for challenging a forum non conveniens ruling).”
Ex parte DaimlerChrysler Corp., 952 So.2d 1082, 1089 n. 1 (Ala.2006).
The husband cites Ex parte Jackson Hospital & Clinic, Inc., 167 So.3d 324, 326 (Ala.2014), in which Jackson Hospital & Clinic, Inc., and other medical defendants *870 (referred to collectively as “Jackson”) and Joanne Anderson, the medical-malpractice plaintiff, both sought review of the grant of “a motion to substitute bankruptcy trustee Daniel G. Hamm for Anderson as the real party in interest pursuant to Rule 17, Ala. R. Civ. P., because Anderson had filed a petition for Chapter 7 bankruptcy.” Jackson and Anderson had both sought and been granted permission to appeal pursuant to Rule 5, Ala. R.App. P. Ex parte Jackson Hosp. & Clinic, 167 So.3d at 328. However, our supreme court indicated that it chose to treat the permissive appeals as petitions for the writ of mandamus, stating that
“upon further examination it is apparent that a petition for a writ of mandamus is the appropriate means by which to seek review of the issues they raise—whether Hamm timely moved to substitute himself as the real party in interest and whether Anderson should be allowed to proceed as the real party in interest regardless of her bankruptcy filing and initial failure to disclose her claim in those bankruptcy proceedings.”
Ex parte Jackson Hosp. & Clinic, 167 So.3d at 329 n. 1. The trial court in Ex parte Jackson Hospital & Clinic granted Jackson’s motion for a summary judgment in part and prevented Anderson from proceeding in the action; it also permitted Hamm to intervene and to be substituted as the plaintiff in Anderson’s place. Id. at 328. In its opinion, our supreme court considered the timeliness of the motion to substitute the bankruptcy trustee and the propriety of granting that motion and removing Anderson as plaintiff. Id. at 330-36. Thus, in Ex parte Jackson Hospital & Clinic, our supreme court reviewed the trial court’s grant of a motion removing the plaintiff and substituting as plaintiff the bankruptcy trustee.
We have found one other case involving both a petition for the writ of mandamus and the assertion that a party was not the real party in interest—Ex parte Tyson Foods, Inc., 146 So.3d 1041, 1043 (Ala.2013). In Ex parte Tyson Foods, our supreme court reviewed the grant of a motion to substitute a widow as the proper plaintiff in a wrongful-death action arising out of an employment-related death based on the real-party-in-interest doctrine and Rule 17, Ala. R. Civ. P. However, neither Ex parte Jackson Hospital & Clinic nor Ex parte Tyson involved the review of the denial of a motion for a summary judgment based on either judicial-estoppel grounds or the real-party-in-interest doctrine and Rule 17. Thus, we cannot agree that either of those cases stand for the proposition that the denial of a summary-judgment motion based on an argument that a party ⅛ not a real party in interest or that a party is judicially estopped from pursuing his or her claim is excepted from the general rule that the denial of a summary-judgment motion is not reviewable by a petition for the writ of mandamus.
The trial court in the present case denied the husband’s motion for a partial summary judgment seeking a judgment in his favor on the wife’s property-division and alimony claims based on the application of the doctrine of judicial estoppel. The husband has not demonstrated that this case falls within the limited exceptions to the rule that the denial of a summary-judgment motion is not reviewable by a petition for writ of mandamus. Accordingly, we deny the petition.
PETITION DENIED.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.

," Because the wife did not file an answer to the husband’s- petition, we have accepted the ^averments of-fact stated-in the petition as true. See Ex parte Turner, 840 So.2d 132, 134-35 (Ala.2002) (stating that the respondent’s "failure to respond to the allegations in [the] petition for a writ of mandamus compels [the appellate court] to consider the aver-ments of fact in [the] petition as true”).

. The parties were divorced before in 1973, and they remarried each other in 1983. The husband asserts that there was no divorce action instituted in 2009.

.Our supreme court has explained that "once ' a bankruptcy petition has been filed, the bankruptcy trustee is the real party in interest . to all nonexempt lawsuits that are part of the debtor’s bankruptcy estate.” Hamm v. Norfolk Southern Ry. Co., 52 So.3d 484, 490 (Ala.2010) (emphasis added). Although the husband argues in his petition that the wife is "neither ... the real party in interest, nor does she have standing to pursue her mone *869 tary and equitable division claims,” he relies solely upon Hamm, which clearly holds only that the bankruptcy debtor is not the real party in interest. As explained by Justice Lyons in his opinion concurring specially in Hamm, "[¡Imprecision in labeling a party’s inability to proceed as a standing problem unnecessarily expands the universe of cases lacking in subject-matter jurisdiction." 52 So.3d at 499 (Lyons, J., concurring specially). Based on Hamm, we conclude that the wife's lack of “standing” is not at issue and thus cannot serve as a basis for seeking review of the . denial of the partiál-summary-judgment motion by a petition for writ of mandamus. See Ex parte HealthSouth Corp., 974 So.2d 288, 290 (Ala.2007) (considering a petition for a writ of mandamus challenging the denial of a summary-judgment motion based on an argument that the plaintiff lacked standing to bring the underlying .action).