Rel: September 6, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## SPECIAL TERM, 2024

---

### SC-2023-0723

---

### Ex parte Baldwin County Sewer Service, LLC

### PETITION FOR WRIT OF MANDAMUS

### (In re: The Gardens at Glenlakes Property Owners Association, Inc., et al.

### v.

### Baldwin County Sewer Service, LLC)

### (Baldwin Circuit Court: CV-14-900044.80)

BRYAN, Justice.

In 2014, certain homeowners' associations sued Baldwin County Sewer Service, LLC ("BCSS"), challenging a rate increase they said was

limited by the terms of a private contract. BCSS has repeatedly questioned whether the plaintiffs are successors in interest to a party to that contract. Most recently, the Baldwin Circuit Court entered an order denying BCSS's motion for a summary judgment on the issue for the third time. BCSS now petitions this Court for a writ of mandamus directing the circuit court to vacate that order and to enter a summary judgment in its favor. For the reasons explained below, we deny the petition.

<u>Background</u>

This is the fifth time that the parties have brought their dispute before this Court. The facts are stated in our first opinion, <u>Gardens at Glenlakes Property Owners Association, Inc. v. Baldwin County Sewer Service, LLC</u>, 225 So. 3d 47 (2016) (plurality opinion). In sum, a 1991 agreement between a real-estate developer and BCSS set terms for BCSS to provide sewer and wastewater services to certain property in Baldwin County. In 2014, The Gardens at Glenlakes Property Owners Association, Inc.; Lake View Villas Association, Inc.; Lake View Estates Property Owners Association, Inc.; Glenlakes Unit One Property Owners Association, Inc.; and Glenlakes Master Association, Inc. ("the

2

Associations") sued BCSS in the circuit court, asserting that a BCSS rate increase violated the terms of the 1991 agreement ("the 2014 action"). They stated various claims and sought a declaratory judgment and specific performance of the 1991 agreement. Glenlakes Golf Club, Inc. ("the Golf Club"), intervened as a plaintiff.

The circuit court entered a summary judgment on the ground that the Associations and the Golf Club lacked standing to enforce the 1991 agreement. The plaintiffs appealed. In 2016, this Court reversed the circuit court's judgment and remanded the 2014 action for further proceedings. Id. at 56. The question whether the Associations and the Golf Club had authority to enforce the 1991 agreement, we reasoned, did not implicate the subject-matter jurisdiction of the circuit court.

This Court had already limited the concept of standing, as necessary to invoke subject-matter jurisdiction, to application in "public-law" cases. Id. at 51-53 (citing Wyeth, Inc. v. Blue Cross & Blue Shield of Alabama, 42 So. 3d 1216 (Ala. 2010), and Ex parte BAC Home Loans Servicing, LP, 159 So. 3d 31 (Ala. 2013)). Applying the reasoning of the decisions in Wyeth and Ex parte BAC, this Court explained:

> "In this case, the question whether the Associations may
> properly assert the claims of their individual members is, in

3

fact, a real-party-in-interest inquiry. This question is distinct from the question of standing: It does not implicate the subject-matter jurisdiction of the trial court, and the trial court can address the issue, if properly raised, by applying Rule 17(a), Ala. R. Civ. P. See Property at 2018 Rainbow Drive, 740 So. 2d [1025,] 1027 [(Ala. 1999)] ('"'[T]he real party in interest principle is a means to identify the person who possesses the right sought to be enforced.'"' (quoting Dennis v. Magic City Dodge, Inc., 524 So. 2d 616, 618 (Ala. 1988), quoting in turn 6 C. Wright & A. Miller, Federal Practice & Procedure § 1542 (1971))). Likewise, if, as BCSS argues, the 1991 agreement does not govern sewer rates charged to the Golf Club, then the Golf Club simply will not be entitled to relief under that contract. As we concluded in BAC:

> "'If in the end the facts do not support the plaintiffs, or the law does not do so, so be it -- but this does not mean the plaintiffs cannot come into court and allege, and attempt to prove, otherwise. If they fail in this endeavor, it is not that they have a "standing" problem; it is … that they have a "cause of action" problem, or more precisely in these cases, a "failure to prove one's cause of action" problem. The trial court has subject-matter jurisdiction to "hear" such "problems" -- and the cases in which they arise.'

"159 So. 3d at 46. The Associations and the Golf Club in this case may have a 'cause of action' problem; they may have a 'real-party-in-interest' problem -- we do not, of course, mean to suggest an answer.[4] There is, however, no 'standing' problem. Accordingly, the trial court erred in entering a summary judgment based on the Associations' and the Golf Club's purported lack of standing.

"_____

4

"[4]Nor do we express any opinion as to whether the Associations, the Golf Club, or any individual homeowner in Lake View Estates has a right to enforce the 1991 agreement."

225 So. 3d at 53.

This Court did not, as BCSS now asserts, remand the 2014 action to the circuit court "to determine whether the [plaintiffs] were real parties in interest and had a cause of action under the Sewer Agreement." Petition at 1-2 (emphasis omitted). In fact, the opinion ordered a general remand for further proceedings.

On remand, BCSS has treated the real-party-in-interest question as if it carries the same jurisdictional and gatekeeping functions as the standing doctrine. This has caused a significant waste of time and resources of the parties, the circuit court, and this Court. Indeed, in eight years, despite discovery, multiple nonfinal rulings, and three additional appellate proceedings, the litigation has not proceeded beyond this one question.

In January 2017, individual members of one of the Associations commenced a new action ("the 2017 action") challenging the rate increase and seeking class certification. The 2017 action was consolidated with the 2014 action in 2020, but not before coming to this Court twice. <u>See</u>

5

Ex parte Baldwin Cnty. Sewer Serv., LLC (No. 1170462, Mar. 28, 2018) (denying, without an opinion, mandamus petition based on applicability of § 6-5-440, Ala. Code 1975); and Gormley v. Baldwin Cnty. Sewer Serv., LLC (No. 1180741, Mar. 13, 2020), 325 So. 3d 1241 (Ala. 2020) (table) (affirming, without an opinion, order denying class certification).

On remand in the 2014 action, before the cases were consolidated, BCSS moved for a summary judgment, arguing that the Associations were not real parties in interest and could not timely substitute or join other parties under Rule 17, Ala. R. Civ. P. The trial court denied that motion in October 2017.

> "In October 2020, after the actions had been consolidated, the Associations moved for a partial summary judgment on the real-party-in-interest issue, asserting that BCSS had been unwilling to participate in previously ordered mediation because of its continuing belief that the Associations were not real parties in interest."

Baldwin Cnty. Sewer Serv., LLC v. Garden at Glenlakes Prop. Owners Ass'n, Inc., 358 So. 3d 697, 700 (Ala. 2022). In response, BCSS referenced the argument in its summary-judgment motion that had been denied in October 2017 and again urged that no named plaintiff was a real party in interest.

"[T]he trial court entered an order determining that the Associations and the individual plaintiffs are the real parties in interest in the consolidated actions." Id. It certified its order as final under Rule 54(b), Ala. R. Civ. P., and BCSS appealed. The order, however, was not appropriate for Rule 54(b) certification because it did not resolve an entire claim or enter judgment as to any party. Id. at 701. This Court thus dismissed the appeal as arising from a nonfinal order. Id.

In October 2022, an amended complaint was filed in the consolidated actions that 1) narrowed the claims to allege one count of breach of contract, 2) voluntarily dismissed the individual plaintiffs, 3) ensured that the Golf Club was named as a plaintiff, because it had been inadvertently left off certain orders, 4) voluntarily dismissed one association -- Glenlakes Master Association, Inc. -- that had existed to hold undeveloped property, and 5) added another association -- Carnoustie Gardens Homeowners Association -- that had been created to control the now-developed property formerly held by the dismissed association (hereinafter, when referring to "the Associations," this Court intends to include Carnoustie Gardens Homeowners Association but not Glenlakes Master Association, Inc.). In May 2023, BCSS again moved

7

for a summary judgment on the ground that the plaintiffs were not real parties in interest.

BCSS thus presented the question to the circuit court for the third time after this Court's original remand in 2016. Consistent with its 2017 denial of a summary judgment on the issue and its 2020 order finding that the Associations were real parties in interest, the circuit court denied BCSS's motion on August 22, 2023. BCSS then filed its present petition for a writ of mandamus. We ordered an answer and briefs.

## Standard of Review

"A writ of mandamus is an extraordinary remedy available only when the petitioner can demonstrate: '"(1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court."' Ex parte Nall, 879 So. 2d 541, 543 (Ala. 2003) (quoting Ex parte BOC Grp., Inc., 823 So. 2d 1270, 1272 (Ala. 2001))."

Ex parte 4tdd.com, Inc., 306 So. 3d 8, 13 (Ala. 2020).

"'"Subject to certain narrow exceptions ..., we have held that, because an 'adequate remedy' exists by way of an appeal, the denial of a motion to dismiss or a motion for a summary judgment is not reviewable by petition for writ of mandamus." Ex parte Liberty Nat'l Life Ins. Co., 825 So. 2d 758, 761-62 (Ala. 2002).'

8

"*Ex parte Kohlberg Kravis Roberts & Co., L.P.*, 78 So. 3d 959, 965-66 (Ala. 2011). Among those exceptions is when the petitioner challenges the subject-matter jurisdiction of the trial court, *Ex parte HealthSouth Corp.*, 974 So. 2d 288, 292 (Ala. 2007) ...."

*Ex parte Wilcox Cnty. Bd. of Educ.*, 279 So. 3d 1135, 1140 (Ala. 2018).

## Analysis

In its petition, BCSS divides its argument into six parts, generally summarizing the issues presented as follows:

"First, is any [p]laintiff a real party in interest so that the [p]laintiff is a proper party to bring the action? Second, if a proper [p]laintiff, can the [p]laintiff prove every element of the cause of action? If not, then [the p]laintiff has failed to state a claim upon which relief may be granted."

Petition at 13-14. Specifically, BCSS urges that no plaintiff is a proper party, that the plaintiffs have failed to satisfy the elements of a breach-of-contract claim because they are not parties to the 1991 agreement, that the plaintiffs have not proved damages, that the Associations lack the representative capacity to sue on behalf of their members, and that the claim of one of the Associations is time-barred. On these grounds, BCSS argues that is has a "clear, legal right to the dismissal of the [a]mended [c]omplaint ...." Petition at 11.

9

BCSS's petition only casually addresses whether filing a petition for the writ of mandamus is the appropriate procedure for obtaining review in this case. BCSS cites two decisions holding that filing a mandamus petition is appropriate for seeking review of determinations regarding the applicability of § 6-5-440, Ala. Code 1975 (prohibiting simultaneous actions for the same cause against the same party). See Ex parte Boys & Girls Clubs of S. Alabama, Inc., 163 So. 3d 1007 (2014); Ex parte J.E. Estes Wood Co., 42 So. 3d 104 (2010). That statute, however, has no application to the present petition. BCSS also cites a decision holding that filing a mandamus petition is the proper method for seeking review of the denial of a motion for a change of venue. Ex parte Hibbett Sporting Goods, Inc., 228 So. 3d 1008 (2017). Again, that holding has no application to BCSS's petition.

Insofar as BCSS argues that the amended complaint fails to state a claim upon which relief may be granted under Rule 12(b)(6), Ala R. Civ. P., that issue is not reviewable by a petition for a writ of mandamus. See Ex parte Nautilus Ins. Co., 260 So. 3d 823, 831 (Ala. 2018) ("[T]he denial of a motion to dismiss based upon Rule 12(b)(6) is not reviewable by petition for a writ of mandamus. Ex parte Kohlberg Kravis Roberts &

Co., L.P., 78 So. 3d 959 (Ala. 2011). 'Any alleged error ... can be adequately remedied by appeal.' 78 So. 3d at 979."). Moreover, BCSS has failed to demonstrate that mandamus relief is appropriate regarding its statute-of-limitations argument. See Ex parte Hodge, 153 So. 3d 734, 749 (Ala. 2014) ("[T]his Court has stated that the applicability of a statute-of-limitations defense is not a proper basis for issuing a writ of mandamus, because of the availability of a remedy by appeal."). BCSS has also cited no authority to support the notion that this Court will review a trial court's order denying a summary-judgment motion challenging whether the plaintiff is a real party in interest via a petition for a writ of mandamus.

"The burden rests on the petitioner to demonstrate that its petition presents such an exceptional case -- that is, one in which an appeal is not an adequate remedy." Ex parte Dillard Dep't Stores, Inc., 879 So. 2d 1134, 1137 (Ala. 2003).

> "'"When an appellant [or petitioner] fails to properly argue an issue, that issue is waived and will not be considered." "An appeals court will consider only those issues properly delineated as such, and no matter will be considered on appeal [or mandamus review] unless presented and argued in brief."' Tucker v. Cullman-Jefferson Counties Gas Dist., 864 So. 2d 317, 319 (Ala. 2003) (quoting Asam v. Devereaux, 686 So. 2d

11

1222, 1224 (Ala. Civ. App. 1996), and Braxton v. Stewart, 539 So. 2d 284, 286 (Ala. Civ. App. 1988), respectively (emphasis omitted)). '"It is well established that it is not the function of an appellate court to create, research, or argue an issue on behalf of the [petitioner]."' Mottershaw v. Ledbetter, 148 So. 3d 45, 54 (Ala. 2013) (quoting Gonzalez v. Blue Cross/Blue Shield of Alabama, 760 So. 2d 878, 883 (Ala. Civ. App. 2000)). A writ of mandamus is an extraordinary writ that will be issued only when the petitioner establishes a 'clear legal right' to relief. Ex parte Davis, 930 So. 2d [497,] 499 [(Ala. 2005)]."

Ex parte Drury Hotels Co., 303 So. 3d 1188, 1193 (Ala. 2020). BCSS has failed to demonstrate that an appeal from a final judgment of the circuit court would not be an adequate remedy for review of the circuit court's determination regarding whether the plaintiffs are real parties in interest and that BCSS has a clear legal right to relief on those grounds.

The plaintiffs "concede[] that the Alabama Supreme Court has held that mandamus petitions are proper to review issues of whether a party is a real party in interest." Answer at 12-13. However, this Court's precedent regarding whether a trial court's denial of a defendant's summary-judgment motion challenging a plaintiff's status as a real party in interest may be reviewed by this Court via a petition for the writ of mandamus is not so clear.

The decisions that the plaintiffs cite in support of that assertion did not hold that this Court will generally review the denial of a summary-judgment motion challenging whether a plaintiff is a real party in interest. Instead, each decision addressed the substitution or addition of parties -- procedural issues that are not presented in BCSS's petition. One of the cases cited by the plaintiffs, Ex parte Jackson Hospital & Clinic, Inc., 167 So. 3d 324, 329 n.1 (Ala. 2014), also addressed the other three decisions, stating:

> "Although this Court granted both the … defendants' petition and [the plaintiff]'s petition to file permissive appeals pursuant to Rule 5, [Ala. R. App. P.,] upon further examination it is apparent that a petition for a writ of mandamus is the appropriate means by which to seek review of the issues they raise -- whether [a bankruptcy trustee] timely moved to substitute himself as the real party in interest and whether [the plaintiff] should be allowed to proceed as the real party in interest regardless of her bankruptcy filing and initial failure to disclose her claim in those bankruptcy proceedings. See Ex parte U.S. Bank Nat'l Ass'n, 148 So. 3d 1060, 1064 (Ala. 2014) (listing issues this Court has held to be appropriate for mandamus review); Ex parte Tyson Foods, Inc., 146 So. 3d 1041 (Ala. 2013) (reviewing, on petition for writ of mandamus, the trial court's ruling on a motion seeking to add a real party in interest); and Ex parte Chemical Lime of Alabama, Inc., 916 So. 2d 594, 596-97 (Ala. 2005) (considering, on petition for writ of mandamus, whether plaintiffs had timely moved to substitute defendant for a fictitiously named defendant)."

13

After this Court issued the decisions cited by the plaintiffs, this Court, in Ex parte 4tdd.com, 306 So. 3d at 16-17, reviewed a petition for the writ of mandamus filed in a shareholder-derivative suit, in which the defendant challenged the plaintiff's compliance with Rule 23.1, Ala. R. Civ. P., stating:

> "This Court has held that a mandamus petition is the proper method by which to review the issue whether a party should be allowed to proceed as the real party in interest, albeit in the context of issues arising from the trial court's determination pursuant to Rule 17, Ala. R. Civ. P."

The Ex parte 4ttd.com Court cited the same four decisions cited by the plaintiffs in this case. As explained above, however, those decisions involved the substitution or addition of parties and did not hold that this Court generally reviews denials of summary-judgment motions based on real-party-in-interest grounds via petitions for the writ of mandamus. In reviewing this Court's precedent on the question, the Court of Civil Appeals has reached the same conclusion. See Ex parte Bonds, 218 So. 3d 867, 870 (Ala. Civ. App. 2016) (considering this Court's decisions in Ex parte Jackson Hospital & Clinic, supra, and Ex parte Tyson Foods, Inc., 146 So. 3d 1041 (Ala. 2013), and reasoning: "[N]either [case] involved the review of the denial of a motion for a summary judgment based on … the

14

real-party-in-interest doctrine and Rule 17. Thus, we cannot agree that either of those cases stand for the proposition that the denial of a summary-judgment motion based on an argument that a party is not a real party in interest … is excepted from the general rule that the denial of a summary-judgment motion is not reviewable by a petition for the writ of mandamus.").

We also note that this Court's determination in Ex parte 4tdd.com was heavily tied to the pleading requirements of Rule 23.1, which has no application to BCSS's petition. See Ex parte Hood, [Ms. SC-2023-0806, Mar. 29, 2024] ____ So. 3d ____, ____ (Ala. 2024) (citing Ex parte 4tdd.com, for the proposition that "[m]andamus review is the proper method by which to review whether a party has satisfied the pleading requirements for a derivative claim").

In a decision released only a few months after Ex parte 4tdd.com, Ex parte Bashinsky, 319 So. 3d 1240, 1253-54 (Ala. 2020), this Court reasoned that it was "doubtful" whether the real-party-in-interest question was appropriate for review by way of a mandamus petition.

> "We first note, as we have done on many occasions, that 'the concept of standing was developed " 'for public law' cases, ... not 'private law' cases," and thus [we have] removed the gate-keeping function of standing from private-law cases.' Ex

15

parte Wilcox Cty. Bd. of Educ., 218 So. 3d 774, 779 n.7 (Ala. 2016) (quoting Ex parte BAC Home Loans Servicing, LP, 159 So. 3d 31, 44 (Ala. 2013)).  Thus, the alleged error about which Ms. Bashinsky complains -- whether McKleroy and Townsend are proper parties to file a petition for guardianship and conservatorship under the Alabama Uniform Guardianship and Protective Proceedings Act, § 26-2A-1 et seq., Ala. Code 1975 ('the AUGPPA') -- does not implicate standing but is rather more akin to a real-party-in-interest issue.  See Dennis v. Magic City Dodge, Inc., 524 So. 2d 616, 618 (Ala. 1988) (explaining that '"the real party in interest principle is a means to identify the person who possesses the right sought to be enforced"' (quoting 6 C. Wright & A. Miller, Federal Practice & Procedure § 1542 (1971))).  Consequently, it is doubtful that this issue is susceptible to mandamus review.  Compare Ex parte Sterilite Corp. of Alabama, 837 So. 2d 815, 818 (Ala. 2002) (declining to consider the argument that plaintiff is not a real party in interest as a basis for mandamus relief when the petitioner had confined its arguments to standing), with Ex parte 4tdd.com, Inc., 306 So. 3d 8, 16-17 (Ala. 2020) (noting that '[t]his Court has held that a mandamus petition is the proper method by which to review the issue whether a party should be allowed to proceed as the real party in interest, albeit in the context of issues arising from the trial court's determination pursuant to Rule 17, Ala. R. Civ. P.')."

(Emphasis added.)

BCSS's apparent confusion regarding the function of a real-party-in-interest issue has caused a significant waste of judicial resources in this case.  During the eight years of litigation on remand from our original 2016 decision, BCSS seems to have proceeded on the assumption that it may seek a dismissal on this question and have immediate

16

mandamus review by this Court of a decision by the circuit court not to dispose of the case on this ground. Thus, BCSS has -- for years now -- treated the real-party-in-interest question as if it carries gatekeeping implications similar to the standing doctrine raised in the first appeal in this case rather than as a factual, cause-of-action question to be resolved through a final judgment. The plaintiffs have asserted that BCSS even refused to participate in court-ordered mediation based on this assumption.

To settle the matter for BCSS, and for future litigants, we now clarify that the real-party-in-interest question, which formerly was often raised by defendants in private-law cases as a challenge to plaintiffs' standing, does not have the same gatekeeping function as the standing doctrine. Resolution of the real-party-in-interest question is a factual determination related to whether the plaintiffs have satisfied the requirements of their cause of action and is appropriate for resolution by the trial court in a final judgment.

As this Court discussed in its first opinion in this case, the "concept of standing implicates a court's subject-matter jurisdiction." Gardens at Glenlakes, 225 So. 3d at 51-52 (citing State v. Property at 2018 Rainbow

17

<u>Drive</u>, 740 So. 2d 1025, 1028 (Ala. 1999)). However, "'[o]ur courts too often have fallen into the trap of treating as an issue of "standing" that which is merely a failure to state a cognizable cause of action or legal theory, or a failure to satisfy the injury element of a cause of action.'" <u>Id.</u> at 52 (quoting <u>Wyeth</u>, 42 So. 3d at 1219) (emphasis omitted).

In <u>Ex parte Simpson</u>, 36 So. 3d 15, 24 (Ala. 2009), this Court concluded that the petitioners' "argument [in that case had] confuse[d] the standing issue with the issue whether [the plaintiff wa]s the <u>real party in interest</u>." After discussing the distinction between the standing principle and the real-party-in-interest principle, the <u>Ex parte Simpson</u> Court stated:

> "Although this Court is duty-bound to notice and address the absence of standing and hence subject-matter jurisdiction <u>ex mero motu</u>, <u>Cadle Co. v. Shabani</u>, 4 So. 3d 460, 462 (Ala. 2008), it is not so bound when the issue is whether the action is being prosecuted in the name of the real party in interest. See <u>Ex parte Sterilite</u>, 837 So. 2d [815,] 819 [(Ala. 2002)]."

<u>Id.</u> at 25. Noting that "no argument ha[d] been made in th[at] case regarding who [wa]s the real party in interest," the <u>Ex parte Simpson</u> Court declined to grant mandamus relief. <u>Id.</u>

In <u>Ex parte BAC Home Loans Servicing, LP</u>, 159 So. 3d 31, 44 (Ala. 2013), this Court limited application of the standing doctrine to "'public

18

law' cases." That opinion explained why the doctrine is necessary in such

cases:

> "In the absence of defined elements as exist in established private causes of action, the concept of standing is used to differentiate between those complaints regarding governmental action that are shared generally by the citizenry and that therefore must be addressed politically and those complaints that reflect a sufficient specific injury and consequent adverseness to make for a 'case' that is within the purview of the judicial branch."

Id.

For "'private law' cases," however, the elements of the cause of

action supply the necessary adversariness to invoke the subject-matter

jurisdiction of the trial court. The nature of the question, therefore, is

not whether the trial court has subject-matter jurisdiction, but whether

the plaintiffs can satisfy the elements of their claim to show that they are

entitled to relief.

> "Accordingly, the concept appears to have no necessary role to play in respect to private-law actions, which, unlike public-law cases …, come with established elements that define an adversarial relationship and 'controversy' sufficient to justify judicial intervention. In private-law actions …, if the elements are met, the plaintiff is entitled to judicial intervention; if they are not met, then the plaintiff is not entitled to judicial intervention. Everything necessary to justify judicial intervention, by definition, inheres in those elements that we say constitute a 'cause of action' in and by our courts. What need is there to distill from those elements and label some

19

additional gate-keeping notion?  At a very fundamental level, the concept of standing is already embodied in the various elements prescribed, including the common requirement of proof of a sufficient existing or threatened injury."

Id.

Resolution of factual disputes about whether the plaintiffs have satisfied the elements of their cause of action and are real parties in interest entitled to relief is the precise function of the trial court.  As this Court explained in Wyeth:

"The courts of this State exist for the very purpose of performing such tasks as sorting out what constitutes a cognizable cause of action, what are the elements of a cause of action, and whether the allegations of a given complaint meet those elements.  Such tasks lie at the core of the judicial function.  See generally, e.g., Art. VI, § 139(a), Ala. Const. 1901 (vesting 'the judicial power of the state' in this Court and lower courts of the State); Art. VI, § 142, Ala. Const. 1901 (providing that the circuit courts of this State 'shall exercise general jurisdiction in all cases except as may otherwise be provided by law').  Trial courts and appellate courts routinely undertake to determine whether there is a 'provable set of facts, upon [a] cognizable theory of law.'  Anderson v. Clark, 775 So. 2d 749, 750 (Ala. 1999)."

42 So. 3d at 1220-21.  "If in the end the facts do not support the plaintiffs, or the law does not do so, so be it -- but this does not mean the plaintiffs cannot come into court and allege, and attempt to prove, otherwise."  Ex parte BAC, 159 So. 3d at 46.

20

The nature of the real-party-in-interest question requires a factual resolution by the trial court that is squarely within its judicial function. Therefore, that issue does not implicate the subject-matter jurisdiction of the trial court. Consequently, a trial court's denial of a defendant's summary-judgment motion challenging a plaintiff's status as a real party in interest does not fall within the subject-matter-jurisdiction exception to the general prohibition against mandamus review of denials of summary-judgment motions.

Moreover, in light of the foregoing history, we conclude that a general rule allowing mandamus review of a trial court's denial of a summary-judgment motion challenging a plaintiff's status as a real party in interest would largely revive the gatekeeping function of the standing doctrine for private-law cases. In Ex parte U.S. Bank National Association, 148 So. 3d 1060 (Ala. 2014), released a few months after this Court's decision in Ex parte BAC, the Court listed certain issues that we had held were appropriate for mandamus review. Each decision permitting mandamus review reflected on the list involved either some challenge to the authority of the trial court to hear the case (e.g., subject-matter jurisdiction or immunity), or some procedural issue for which

21

review by appeal would be inadequate because proceeding to a final judgment without resolving the question would be a significant waste of judicial resources (e.g., class certification or change of venue).

"This Court has held that a writ of mandamus is an appropriate means by which to review the following: subject-matter jurisdiction, Ex parte Johnson, 715 So. 2d 783 (Ala. 1998); standing as a component of subject-matter jurisdiction, Ex parte HealthSouth Corp., 974 So. 2d 288 (Ala. 2007); nonjusticiability as a component of subject-matter jurisdiction, Ex parte Valloze, 142 So. 3d 504 (Ala. 2013); personal jurisdiction, Ex parte Duck Boo Int'l Co., 985 So. 2d 900 (Ala. 2007); immunity, Ex parte Butts, 775 So. 2d 173 (Ala. 2000); failure to exercise due diligence in identifying, before expiration of the statute of limitations, a fictitiously named defendant as the party to be sued, Ex parte Chemical Lime of Alabama, Inc., 916 So. 2d 594 (Ala. 2005); a denial of a motion for a change of venue when venue has been challenged as improper, Ex parte Daniels, 941 So. 2d 251 (Ala. 2006); a denial of a motion to dismiss where the doctrine of forum non conveniens is applicable, Ex parte Kia Motors America, Inc., 881 So. 2d 396 (Ala. 2003); a refusal to enforce an outbound forum-selection clause when the issue is presented in a motion to dismiss, Ex parte Bad Toys Holdings, Inc., 958 So. 2d 852 (Ala. 2006); class certification, Ex parte Caremark RX, Inc., 956 So. 2d 1117 (Ala. 2006); a motion to dismiss an action based on abatement, Ex parte J.E. Estes Wood Co., 42 So. 3d 104 (Ala. 2010); the grant of a motion adding a real party in interest, Ex parte Tyson Foods, Inc., 146 So. 3d 1041 (Ala. 2013); the availability of a jury trial, Ex parte BancorpSouth Bank, 109 So. 3d 163 (Ala. 2012); a ruling on a motion to dismiss a counterclaim that was a compulsory counterclaim in a previous action, Ex parte Cincinnati Ins. Co., 806 So. 2d 376 (Ala. 2001); rulings on discovery motions where a privilege is disregarded, when discovery orders the production of patently irrelevant or duplicative documents

such as to clearly constitute harassment or impose a burden on the producing party far out of proportion to any benefit that may be obtained by the requesting party, when the court imposes a sanction effectively precluding a decision on the merits or denies discovery going to a party's entire action or defense so that the outcome is all but determined and the petitioner would merely be going through the motions of a trial to obtain an appeal, or when the trial court impermissibly prevents the petitioner from making a record on the discovery issue so that the appellate court cannot review the effect of the trial court's alleged error, Ex parte Ocwen Fed. Bank, FSB, 872 So. 2d 810 (Ala. 2003); denial of a motion objecting to the appointment of a special master, Ex parte Alabama State Pers. Bd., 54 So. 3d 886 (Ala. 2010); grant of a motion to set aside previous supersedeas bond amount, Ex parte Mohabbat, 93 So. 3d 79 (Ala. 2012); indefinite stay of an action, Ex parte American Family Care, Inc., 91 So. 3d 682 (Ala. 2012); a trial court's failure to comply with an appellate court's instruction on remand, Ex parte Williford, 902 So. 2d 658 (Ala. 2004); ruling on denial of motion to admit an uncontested will to probate where a finding that the testator lacked testamentary capacity was not precluded by the appointment of a conservator, Toler v. Murray, 886 So. 2d 76 (Ala. 2004)."

148 So. 3d at 1064.

In this case, BCSS is arguing that it is entitled to a summary judgment because, it says, the plaintiffs are not real parties in interest. As explained above, the denial of a defendant's summary-judgment motion challenging a plaintiff's status as a real party in interest does not involve a question of the trial court's authority over the action. Moreover, the denial of a defendant's summary-judgment motion generally

23

challenging a plaintiff's status as a real party in interest that does not involve whether a party should be substituted or added as a real party in interest does not present the same sort of procedural issues this Court has previously reviewed by way of a petition for the writ of mandamus. Therefore, we conclude, an appeal from a trial court's final judgment is generally an adequate remedy for review of the trial court's interlocutory denial of a defendant's summary-judgment motion challenging a plaintiff's status as a real party in interest. Thus, BCSS has not satisfied its burden to show that review by appeal is inadequate. Mandamus relief is inappropriate in this case.

<u>Conclusion</u>

For the reasons explained above, we conclude that the circuit court's denial of BCSS's summary-judgment motion arguing that the Associations and the Golf Club are not real parties in interest does not implicate the circuit court's subject-matter jurisdiction and is not subject to mandamus review. Moreover, as also explained above, BCSS's petition does not present any procedural issue concerning the substitution or addition of parties, such that mandamus review would be appropriate under the authority of the cases cited in the plaintiffs' answer. Because

24

the question whether the Associations and the Golf Club are real parties in interest is not appropriate for mandamus review, we deny BCSS's petition.

PETITION DENIED.

Shaw, Wise, Mendheim, Stewart, and Mitchell, JJ., concur.

Sellers, J., concurs in the result.

Cook, J., concurs in the result, with opinion, which Parker, C.J., joins.

COOK, Justice (concurring in the result).

Although I concur in the result, I decline to adopt the main opinion's bright-line rule for determining when a ruling on a real-party-in-interest issue is reviewable by way of a mandamus petition.

The main opinion concludes that filing a mandamus petition is not a proper means of seeking review of a real-party-in-interest issue in the context of a summary-judgment motion. However, in this case, the respondents expressly concede that, under Alabama law, the question whether a party is a real party in interest is reviewable by way of a mandamus petition:

> "Ordinarily, the denial of a motion for summary judgment is not reviewable by petition for a writ of mandamus, but the respondent[s] concede[] that the Alabama Supreme Court has held that mandamus petitions are proper to review issues of whether a party is a real party in interest. Ex parte U.S. Bank Nat'l Ass'n, 148 So. 3d 1060, 1064 (Ala. 2014); Ex parte Jackson Hosp. & Clinic, Inc., 167 So. 3d 324, 329 n.1 (Ala. 2014); Ex parte Tyson Foods, Inc., 146 So. 3d 1041 (Ala. 2013); Ex parte Chemical Lime of Alabama, Inc., 916 So. 2d 594, 596-97 (Ala. 2005)."

Answer at 12-13 (emphasis added). Because the parties have raised no argument regarding this issue, I see no need for this Court to settle a dispute that does not exist.

26

This is especially true here because (1) our prior caselaw does not clearly establish that the trial court's ruling in this case is <u>not</u> amenable to mandamus review and (2) the petitioner has not met its burden to show that the respondents are not the real parties in interest in this case. Thus, although I believe that the main opinion reaches the correct result, on the limited materials and arguments presented, I would not draw a bright line to say that a trial court's denial of a defendant's summary-judgment motion challenging a plaintiff's status as a real party in interest is never reviewable by way of a mandamus petition. Accordingly, I feel that this issue would be better addressed in a future case in which the issue is properly presented and this Court has the benefit of adversarial briefs and arguments.

Parker, C.J., concurs.